## ROSEBERRY vs. ROSEBERRY.

1. An order of Magistrates, or of a Magistrate, before whom a possessory warrant is returned, dismissing the warrant, without any reason stated in the order, or appearing in the record, will not be regarded as an adjudication of the right of possession in favor of the defendant, but as a non-suit, or dismissal in the nature of a non-suit.

2. It is the duty of the Magistrate, or Magistrates, trying such a case, (unless it be dismissed on motion of plaintiff's counsel, or by reason of some defect, or informality, without a decision on the merits,) if they find from the evidence, that the property in dispute was last in the peaceable possession of the defendant, to give judgment in his favor, order the property to be delivered over to him, upon his compliance with the requisitions of the Statute.

3. If it appears that father and son live together on the premises of the father, where there are, also, certain slaves, previously the property of the father, and in his exclusive possession, but placed by him under the control and management of the son; and if he, capriciously, leave the premises, taking the slaves with him, the father is entitled to the restitution of them under possessory warrant.

Possessory Warrant, in Newton Superior Court. Tried before Judge CABANISS, at the March Term, 1860.

The record in this case exhibits the following state of facts, to wit:

On the 10th day of February, 1860, Richard Roseberry obtained a possessory warrant against Robert Roseberry, to obtain the possession of four negro slaves, to wit: Malissa, a woman, about 24 years old; Nancy, a woman, about 22 years old; Jesse, a boy, about 16 years old; and Esther, a girl, child of Malissa, about 4 years old.

On the 14th of February, 1860, the case came before J. W. B. Summers, B. F. Carr, and P. Reynolds, Justices of the Inferior Court, for a hearing, when the said Justices passed the following order (Justice Reynolds dissenting), to wit: "On motion of counsel, ordered that the warrant be dismissed, after the testimony had been heard, and argument had."

On the same day that said order was passed, the said Richard Roseberry obtained another possessory warrant against the said Robert Roseberry, to recover the possession of the same negroes.

On the 21st of February, 1860, the case made by the second warrant came before the same Justices of the Inferior

---

**DISMISSAL OF WARRANT.** "In the case of Roseberry *v.* Roseberry, 31 Ga. 122, where it was held, that "An order of magistrates, or of a magistrate, before whom a possessory warrant is returned, dismissing the warrant, without any reason stated in the order or appearing in the record, will not be regarded as an adjudication of the right of possession in favor of the defendant, but as a nonsuit, or dismissal in the nature of a nonsuit." The decision in that case has been criticised on another point, but not as to that just referred to. See Weaver *v.* Carter, 101 Ga. 209. In Phipps *v.* Alford, 95 Ga. 215, it was said: **"Where an action** was brought in a justice's court, which, after the hearing of evidence was **dismissed by the court** and an appeal entered by the plaintiff and thereafter dismissed by him, this **constituted no bar to bringing a second suit** upon the same cause of action." See also Herndon *v.*

Court for a hearing, when said Justices passed the following order (the said Reynolds again dissenting), to wit:

"It is ordered by the Court, that the warrant, and proceedings thereunder, be dismissed."

On the said 21st day of February, 1860, the said Richard Roseberry obtained a third possessory warrant against the said Robert Roseberry, for the recovery of the possession of the same negroes.

On the 29th of February, 1860, the case made by the third warrant came up for trial, before P. Reynolds, W. S. Lee, W. B. Perry, and B. F. Carr, Justices of the Inferior Court of Newton county.

Counsel for the defendant, Robert Roseberry, moved the Court to dismiss the said third warrant, on the ground that the rights of the parties had been settled and adjudicated upon a former warrant, in the same Court, and between the same parties, and relative to the same subject-matter, and that the plaintiff, Richard Roseberry, was thereby precluded by the said former judgment from further proceedings by possessory warrant.

The said Justices overruled the motion, and counsel for the defendant excepted.

The plaintiff, Richard Roseberry, introduced several witnesses, who testified: That the negroes in dispute had been in possession of the plaintiff for a number of years, one of them for ten or twelve and another for eight years, and the others for several years; that the defendant, who is the son of the plaintiff, lived at the same place with his father; that the negroes were kept on the old man, Richard Roseberry's place, and worked thereon, and waited on the plaintiff, and seemed to be under his control; that, for these reasons, they thought that the negroes were in possession of the plaintiff; that, although the defendant lived at the same place with his father, and sometimes, and most generally, kept the negroes at work, and superintended and controlled them, the witness thought and supposed, that he was doing so as agent and overseer for his father; that the defendant, a short time after the death of General Williamson, was heard to say that he wanted to be appointed trustee for his father, as the old man would spend and dissipate the property, if he had control of it; that the defendant bought meat, some two years before the trial, and promised to pay for it when the old

Black, 97 Ga. 327; Alabama R. Co. *v.* Blevins, 92 Ga. 522." Mozeley & Co. *v.* Fontana, 124 Ga. 378.

**FORTHCOMING BOND.** "**Where, upon the trial of a possessory warrant case, the magistrate** determines that the property has been violently or fraudulently taken or enticed away or was lost in the peaceable and lawful possession of the plaintiff, and **renders a judgment in favor of the plaintiff, he shall** then require such **plaintiff to enter in a bond** with good and sufficient security **for the forthcoming**

man's cotton was sold, which he did; that, after the plaintiff married, the defendant moved said negroes away from the old man's place to another place, some half a mile distant; the removal occurred some time after the 25th December, 1859.

Counsel for defendant, again, moved to dismiss said warrant, on the ground that it was not sustained by the evidence, and that the evidence did not make such a case as would in law authorize a judgment in plaintiff's favor.

The Justices overruled the motion, and counsel for defendant excepted.

The defendant then introduced several witnesses, who testified: That in December, 1858, and at other times, and to different persons, the plaintiff said that he had given up the negroes to defendant, who was to keep them and control them; that, to another, the plaintiff said that he had given the negroes to defendant, that he was to keep, control and use them, and support the plaintiff; that, to another, the plaintiff said that he had given up all his claim to the negroes to defendant, in consideration that the defendant would support the plaintiff during life; that the defendant used, worked, and controlled said negroes, feeding and clothing them, and paying the physician's bills for attending the said negroes; that the defendant supported the old man, and paid the expenses of the farm, living with the plaintiff at the time.

After hearing the evidence and the argument of counsel in said case, the said Justices (Carr dissenting) gave the following judgment, to wit:

"Upon hearing evidence, as to the question of possession, it is adjudged and ordered by the Court, that the defendant do deliver the possession of the said negroes, mentioned in said warrant, to the plaintiff, and that the said plaintiff do execute his bond with good security in the sum of $6,500, according to the terms of the statute in such case made and provided, and on his failure so to do, the property to be turned over to the defendant on his giving a like bond."

The defendant, after excepting in writing to all the aforesaid rulings and decisions of the said Justices, applied for and obtained a writ of certiorari, to bring up all of the proceedings of said case before the Superior Court of said county.

---

of said **property,** to answer any judgment, execution or decree that may be recovered against him by the defendant in an action at law or in equity, and upon his failure to give the bond required by the statute, the magistrate may deliver the property to the defendant upon his entering into like bond; but where, upon the trial of the case, the magistrate renders a judgment in favor of the defendant, and the possession of the property is therefore not changed, no bond is required

Upon hearing the said certiorari, his Honor, E. G. Cabaniss, dismissed the certiorari and affirmed the judgment of the said Justices, and the writ of error in this case is brought to review the said judgment dismissing the certiorari.

CLARK & LAMAR, for the plaintiff in error.

J. J. FLOYD, for the defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

This is an appeal from a judgment of the Superior Court, on certiorari, sued out to correct alleged errors of three Justices of the Inferior Court of Newton county, upon the trial of a possessory warrant, to try the right of possession, under the Act of December, 1821, entitled: "An Act, more effectually to quiet and protect the possession of personal property, and to prevent taking possession by fraud or violence."

The record discloses the fact, that this was the third warrant sued out, within the present year, by the same plaintiff, against the same defendant, for the same slaves. The first and second warrants were dismissed by order of the Court of original jurisdiction, but upon what ground does not appear. Upon the return of the third warrant, counsel for defendant moved, before any evidence had been submitted, to dismiss the warrant upon the ground, that the matters in controversy had been adjudicated in a previous proceeding, by the same plaintiff, against the same defendant, in the same Court, and that the plaintiff was, by said former judgment, precluded from further proceeding by possessory warrant; which motion was overruled, and defendant excepted.

After hearing the evidence and the arguments of counsel, the Court ordered the property into the possession of the plaintiff, upon his giving bond and security in terms of the Act above recited. Defendant's counsel excepted. And upon these two exceptions, the certiorari was predicated. On a hearing of the certiorari, the Superior Court sustained the judgment of the Court of original jurisdiction, on both grounds, and defendant excepted to these rulings.

1. The orders dismissing the first and second warrants, would, by their terms, indicate that there had been no judg-

to be given by the defendant." Bush & Brother *v.* Rawlins, 80 Ga. 583, 586.

"In the case of Roseberry *v.* Roseberry, 31 Ga. 122, it was held that in the trial of a possessory warrant, if the magistrate decided that the defendant was entitled to the property it should be delivered to him upon his giving bond as the statute required. In the case of Bush *v.* Rawlins, 80 Ga. 586, it was held by this court that **where the property was adjudged to be that of the defendant** in the possessory warrant,

ment upon the merits—no adjudication of the right of possession, but a dismissal, owing to some informality, or upon the motion of the plaintiff, who may have desired to strengthen his case. They bear a strong resemblance to, and are in the nature of nonsuits, either voluntary or compulsory. It must be conceded that a nonsuit, or an order of dismissal in the nature of a nonsuit, might, under certain circumstances, be the appropriate disposition of such a cause. Counsel for plaintiff in error argued, with equal earnestness and ingenuity, that, under the provisions of the Act, no other judgment could be rendered in favor of the defendant. We construe the statute differently. This is its language: "The Judge, or Justice, shall hear evidence, as to the question of possession, in a summary way, and cause the said negroes, or other chattels, to be delivered over to the party from whose possession the same were violently or fraudulently taken, or enticed away, or from whom the same absconded, or *in whose peaceable possession they last were.*" Let it be remembered that, at the time of the hearing, upon the return of the warrant, the property is in the possession of neither party. In the regular course of procedure, under the explicit directions of the statute, it must have been seized by the officer.

It is, at the hearing, in custody of the law, and a judgment of the Court, upon the merits, would seem inconclusive, without, in express terms, awarding the future possession to one or the other. But, recurring to the terms of the Act above quoted, which are directory to the Magistrate trying the case, all doubt vanishes. There are three distinct members of the sentence in this directory clause; the two first of which would seem to indicate the plaintiff as the party into whose possession the property should be ordered, *provided,* of course, that the evidence justified it. But the third member (which I have italicised), may refer either to the plaintiff or defendant, as the one or the other may appear from the evidence, to be the party "*in whose peaceable possession* they (the chattels) last were." It will not be denied that cases may, and often do, occur, in which the evidence shows that the defendant is that party. Indeed, if the plaintiff fail to show, by evidence, that the negroes "were violently, or fraudulently taken, or enticed away, or absconded from him, or were last in his peaceable possession," it results in-

it was **not necessary,** under the statute, **for him to give a bond;** and the court in discussing that question said: "We are aware that in the head-note to the case of Roseberry *v.* Roseberry, 31 Ga. 122, a different view is announced, but the facts of that case show that the point was not made in the case, and it was not necessary to decide the question." Weaver *v.* Carter, 101 Ga. 209.

**POSSESSION BY OFFICER ESSENTIAL BEFORE PRIMARY TRIAL BEGINS.** "Even with proper parties, the superior court can not, on the

Roseberry vs. Roseberry.

evitably, as between those parties, that they were last in the peaceable possession of the defendant. In that event, the statute is clearly mandatory to the Magistrate, "to cause the negroes, or other chattels, to be delivered to *him.*" Failing to do this, he would fail in his duty, and this we will not presume against any Magistrate, unless clearly shown. So construing the statute, we can not regard these orders, dismissing former warrants, as adjudications between the parties.

2. The Court below is said to have erred in sustaining the judgment of the Court, of original jurisdiction, awarding the possession to the plaintiff.

It appears, the relation of father and son existed between these parties; that they lived together at the homestead of the father, where these slaves were; that, at some short time previous, the slaves were certainly the property of the father, and in his possession; that the son superintended his business, and managed his slaves; that the son, upon the marriage of his father, abandoned his home, and took the slaves with him, without his father's consent. In so doing, he must have used either violence, or enticement. Several witnesses, on behalf of the plaintiff, testified to his possession up to that time. Other witnesses testified, on behalf of defendant, to his control of the slaves, whilst on his father's place, and to sundry declarations of the father, to the effect, that "he had given up the negroes to defendant," that "he had given the negroes to defendant," that "he had given up all his claim to said negroes to defendant." None of these expressions, used as they were, whilst the parties lived together, necessarily imply change of possession—or any change beyond such control as an agent or overseer would have, unless they be considered as evidence of a gift, involving the idea of a change of possession. But in *Evans, use, etc., vs. Bowling,* at this term, we have held, that such declarations are insufficient to prove a gift. The weight of evidence is with the defendant in error.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.

hearing of a certiorari, order the defendant in a possessory warrant to deliver the property to his adversary, without requiring bond and security from the latter, in terms of the statute, as a condition precedent. Indeed, **neither the primary court, nor the superior court, on certiorari, should ever order one party in the warrant to deliver directly to the other.** Delivery should first be made to the proper ministerial officer, and by him to the party entitled, on the requisite bond and security being presented and approved. The officer under the magistrate, ought to have possession before the primary trial of the main case is begun." McClain *v.* Cherokee Iron Company, 58 Ga. 233, 235.