J. T. McCLAIN, plaintiff in error, *vs.* THE CHEROKEE IRON COMPANY, defendant in error.

1. Affidavit to obtain a possessory warrant, which decribes the affiant as a member of a certain firm, is not, therefore, a proceeding in favor of the firm.    The affiant is the party as an individual, if the possession violated be alleged to be his own.
2. A warrant which conforms to the affidavit thus construed, is not to be dismissed on any ground which this construction obviates.
3. 5. On *certiorari* by the defendant, to which the firm is a party in place of the real plaintiff in the warrant, there can be no correction of any error complained of.    The *certiorari* cannot be sustained.
4. Even with proper parties, the superior court cannot, on the hearing of a *certiorari*, order the defendant in a possessory warrant to deliver the property to his adversary, without requiring bond and security from the latter, in terms of the statute, as a condition precedent.    Indeed, neither the primary court, nor the superior court, on *certiorari*, should ever order one party in the warrant to deliver directly to the other.    Delivery should first be made to the proper ministerial officer, and by him to the party entitled, on the requisite bond and security being presented and approved.    The officer under the magistrate, ought to have possession before the primary trial of the main case is begun.

Possessory Warrant.    Parties.    Partnership.    Before Judge UNDERWOOD.    Polk Superior Court.    August Term, 1876.

Philpot, describing himself as one of the firm of the Cherokee Iron Company, sued out a possessory warrant for one bale of cotton, against Lovic Morris, J. T. McClain and A. Huntington.    The constable arrested the defendants, but returned that the bale of cotton was not to be found.    The magistrate adjudged that the warrant be dismissed as to Huntington; that Morris and McClain deliver to the plaintiff the cotton, and in default thereof that they be committed to the jail of Polk county, and there remain without bail or mainprise until the same be produced and delivered to the plaintiff.

Morris and McClain carried this judgment to the superior court by writ of *certiorari*.    The superior court ordered

that the *certiorari* be overruled as to McClain; that he deliver the bale of cotton to the Cherokee Iron Company, and in default thereof that he be committed to the jail of Polk county, and be there confined until said cotton is produced.

To this judgment McClain excepted.

For the remaining facts, see the opinion.

KING & JONES, by E. N. BROYLES, for plaintiff in error.

JOSEPH A. BLANCE, by WRIGHT & FEATHERSTON, for defendant.

BLECKLEY, Judge.

1. When an affidavit to obtain a possessory warrant is made by an individual describing himself as "one of the firm of the Cherokee Iron Company," and does not allege that the property belongs to, or was ever in possession of the firm, or ever went out of its possession; but on the contrary, alleges that he, the deponent, was in possession of the property, and that it was taken from his possession, or disappeared without his consent, etc., and the warrant issues accordingly, the proceeding is in favor of the affiant, and the firm to which he belongs is no party thereto. What is said of his connection with the firm is mere description.

2. But this fact is no ground for dismissing the warrant.

3. Nor can the defendant obtain a reversal, in the superior court, of a judgment rendered in the case by the justice of the peace, without making the plaintiff in the warrant a party to the petition for *certiorari*. A *certiorari* issued at the defendant's instance, on a petition treating the Cherokee Iron Company as plaintiff in the warrant, and not bringing the real plaintiff before the superior court, will not enable the latter court to reach any error committed by the justice of the peace.

4. On the hearing of such *certiorari*, it was error for the superior court to order that McClain, one of the defendants in the warrant and one of the petitioners for *certiorari*, de-

liver the property in question " to the Cherokee Iron Company, and in default thereof, that the sheriff arrest him and commit him to the county jail, there to be closely confined without bail or mainprise, until the property is produced." This order makes no requisition upon the Cherokee Iron Company for bond and security, as a condition precedent to receiving the property. For this reason, if for no other, it is illegal. Neither the primary court, nor the superior court, on *certiorari*, should ever pass an order requiring one party in a possessory warrant to deliver to the other. The order, when proper to be made, should be for delivery to the officer, and then by the officer to the party entitled. Generally, no final order should be passed disposing of the property, by the primary court, until after the property is produced and placed within the power of the court or its officer. See 31 *Ga.*, 126. Under section 4038 of the Code, the proceeding to compel production ought to take place upon the return of the warrant, and before going into any question except that of the defendant's ability and liability to produce. The scheme of the statute is, that the property shall be under the control of the magistrate at the time the final order is made. Imprisonment is a means of preparing the main case for trial and judgment, not a means of carrying the judgment into effect. This seems to be the sound construction of those provisions of the Code relating to the whole subject. Sections 4033 to 4040. The case in 24 *Ga.*, 379, is no adjudication by this court to the contrary.

5. Inasmuch as the Cherokee Iron Company was not a party to the possessory warrant, and the plaintiff in that warrant was not a party to the *certiorari*, the superior court did not err in overruling the *certiorari* as to McClain. But it did err in requiring him to deliver the property to the Cherokee Iron Company.

Judgment reversed.