ASKEW v. NICHOLSON et al.

Where two persons are jointly interested in personal property, legally or equitably, and one of them delivers the possession of it to a a third person, the other cannot recover the same by possessory warrant in his own behalf alone.

February 26, 1890.

Possessory warrant. Bailments. Before Judge FORT. Webster superior court. April term, 1889.

Reported in the decision.

D. R. SHEPHERD, SIMMONS & KIMBROUGH and J. B. HUDSON, for plaintiff.

B. F. HARRELL and M. M. WILSON, by HARRISON & PEEPLES, for defendants.

SIMMONS, Justice.

The evidence in this record shows that the cotton in controversy was raised upon the land of Walker by the labor of Askew. Askew carried it to market and stored it in his own name, taking the receipts therefor also in his own name. Walker proposed to sell it, but Askew not being satisfied with the price of cotton on that day, requested that the sale be postponed for a few days; to which Walker agreed. Askew turned over to Walker the receipts for the cotton, and by mutual consent they were placed in the hands of one Cosby, a clerk of the defendants in error, to hold until a settlement could be had between Walker and Askew. Walker subsequently obtained the receipts from Cosby, the clerk, and sold the cotton to Nicholson, one of the defendants in error. Askew sued out a possessory warrant for the cotton. On the hearing of the case in the superior court upon a *certiorari*, the trial judge dismissed the same upon the ground that a possessory warrant would not lie, under the facts of the case. Askew excepted and assigned error thereon.

It appears from the above stated facts that Askew and Walker were jointly interested in the cotton. Either was entitled to the possession of it.˙ We think, there-fore, that where two persons are jointly interested in personal property, either legally or equitably, and one of them delivers the possession of the same to a third person, the other cannot recover possession of thé same by possessory warrant sued out by himself alone. Con-sequently we agree with the trial. judge that the posses-sory warrant would not lie.         *Judgment affirmed.*