### BROADHURST *v.* CARSWELL *et al.*

TURNER, J.   The plaintiff in error sued out a possessory warrant against the defendants in error for certain personal property, and the magistrate, on the hearing before him, awarded the possession to the plaintiff; whereupon the defendants took the case to the superior court by certiorari.   It appearing from the petition for certiorari and the answer of the magistrate that the plaintiff had, in good faith, acquired the property from one in possession thereof as the apparent owner of it, and that subsequently possession of the property was taken from the plaintiff's servant, against his will and by intimidation or duress, the court below erred, on the hearing of the certiorari, in awarding the custody of the property to the defendants in error.   The question of title was not in issue in this case, and may be settled by another and more appropriate proceeding.

*Judgment reversed.   All the Justices concur, except Simmons, C. J., absent.*

Argued January 26, — Decided February 15, 1904.

Possessory warrant.   Before Judge Roberts.   Wilcox superior court.   March 23, 1903.

The defendants had certain standing timber which they contracted with Handley to cut and drift to their mill, at $5 per thousand feet.   Handley cut some of this timber and sold it to Broadhurst, the plaintiff, who took possession of it, and put the raft on which it was loaded in charge of Hamilton, with direction to carry it to Darien and turn it over to a lumber company for which the plaintiff was agent.   On the next day Hamilton started to Darien with the timber, and, while on the river, was hailed by one of the defendants, who told him to pull that raft to the bank, as he wanted to tie it up.   He made no threat.   Hamilton obeyed this direction; and in his testimony he stated that he had formerly been shot for fooling with timber, and was not taking any

chances.   On the trial of a possessory warrant the justice of the peace awarded possession of the timber to the plaintiff.    On certiorari the possession was awarded to the defendants, and the plaintiff excepted.    The petition for certiorari assigned the judgment of the justice as error, because (1) the timber was last in the peaceable and legal possession of the defendants, by their agent Handley, and such possession as was afterwards acquired by plaintiff was a tortious possession of stolen property; (2) the timber having been stolen, the defendants had the right to take possession of it without legal process; (3) the evidence disclosed no force or show of force by either of defendants; and (4) it appeared that there they were entitled to the possession.

*Martin Cannon, E. D. Graham,* and *J. L. Bankston,* for plaintiff, cited 36 *Ga.* 446; 84 *Ga.* 478.

*Hal Lawson,* for defendants, cited Civil Code, §§ 4799, 4807; 80 *Ga.* 583; 31 *Ga.* 122; 15 *Ga.* 25; 1 Add. Torts, 523; 17 L. R. A. 213; 1 Johns. Cas. 123; 4 Johns. 150; 2 Woodf. L. & T. 787.