CHRYSLER CORPORATION v. SOL A. DANN.

(*May* 29, 1961.)

TERRY, P. J., sitting.

*Aaron Finger* and *Robert H. Richards, Jr.* (of the firm of Richards, Layton and Finger) for plaintiff.

*Daniel O. Hastings, Clarence W. Taylor* and *Russell J. Willard, Jr.* (of the firm of Hastings, Taylor and Willard) for defendant.

Superior Court for New Castle County, No. 1175, Civil Action, 1960.

TERRY, President Judge:

This is an action for libel and slander brought by plaintiff, Chrysler Corporation, a corporation of the State of Delaware, against defendant, Sol A. Dann, a resident of the State of Michigan. Defendant herein moves to dismiss plaintiff's complaint upon special appearance.

A brief review of the facts is necessary. Defendant is a stockholder of plaintiff corporation. It is alleged that in April, 1960, defendant made various statements, written and oral, concerning plaintiff, complaining that plaintiff corporation was being mismanaged; that plaintiff obtained credit by issuing fraudulent and fictitious financial statements; and that plaintiff made false and improper counts of stockholder votes.

Pursuant to these claims against plaintiff, defendant and other stockholders instituted several suits. On August 12, 1960, defendant and other stockholders brought a derivative action on behalf of plaintiff against the directors and officers of plaintiff for fraud and mismanagement in the Delaware Court of Chancery. On August 16, 1960, defendant filed a mandamus action in this Court to obtain plaintiff's list of stockholders. On August 24, 1960, defendant sued in a New York federal court charging plaintiff with violation of the

rules of the Securities and Exchange Commission, and with fraud in the payment of options and bonuses to directors who had violated their fiduciary duties.

Plaintiff instituted this present action on August 29, 1960. A Writ of Foreign Attachment issued attaching shares of stock owned by defendant in three Delaware Corporations, one of these corporations being the plaintiff.

Defendant asserts five grounds in support of his motion.

I. "The action should be dismissed because it constitutes an abuse of the processes of the Court."

Here defendant asserts that plaintiff has used the remedy of foreign attachment to accomplish ends unrelated to his cause of action in perversion of the process of this Court, *i.e.*, to tie up defendant's assets and to interfere with suits instituted by defendant against plaintiff.

Foreign attachment proceedings are governed by *Del. Code Ann.* Title 10, Sec. 3508, 3531 (1953).[1] The purpose of foreign attachment "is to coerce a nonresident defendant who owns property within the State into submitting to personal jurisdiction upon pain of forfeiture of his seized property." *Canaday v. Superior Court*, 1955, 10 *Terry* 456, 119 *A.* 2d 347, 350. Another purpose is readily apparent from the statute. If the defendant enters an appearance the lien on property seized under attachment "shall remain as security *pro tanto* for the satisfaction of any personal judgment secured against a defendant so entering an appearance * * *."

---

[1] It should be mentioned that our attachment law has been amended by 52 *Del. Laws,* Ch. 341 (1959). However, it is stated in Ch. 342, Sec. 2 that "until the Superior Court promulgates rules governing the procedure on attachment, the provisions in force immediately prior to the effective date of this Act shall continue to apply." This Court subsequent to the institution of this suit has promulgated new rules of procedure in attachment cases.

Sec. 3531, *Supra.* The appearance contemplated by the statute is a general appearance. *Blaustein v. Standard Oil Co.* 1947, 4 *Terry* 516, 51 *A.* 2d 568, 570. Defendant has denominated his appearance herein as special. Thus, both purposes of the statute are applicable to defendant: (1) to compel defendant to enter a general appearance; and (2) to reserve a lien on defendant's property in order to satisfy a future judgment.

Defendant does not question the jurisdiction of this Court under the foreign attachment proceedings. Nor does defendant allege that plaintiff has failed to comply with the statutory requirements of foreign attachment. Both of these objections might have been raised under special appearance. Though the Superior Court Rules of Civil Procedure, *Del. C. Ann.*, purport to abolish the distinctions between general and special appearances, such abolition has not been effected with regard to foreign attachment proceedings. In *Canaday v. Superior Court, Del. Sup.* 1955, 10 *Terry* 456, 119 *A.* 2d 347, 354, our Supreme Court said:

"We think that a motion to dismiss on the ground of defense numbered (4) ('insufficiency of process'. Del. Super. Ct. Civil Rules, Rule 12(b) (4) is a modern equivalent of the former practice of appearing specially for the purpose of moving to quash the attachment. The modern motion to dismiss upon such ground is no more a submission to personal jurisdiction than was the former special appearance."

Thus, defendant may appear specially under Rule 12(b) (4) and attack the sufficiency of process in a foreign attachment proceeding without submitting himself to the personal jurisdiction of this Court. However, defendant's allegations go beyond a mere attack on the sufficiency of process, *i.e.*, they go to the very heart of the merits and attempt to show an absence of process grounded upon an unworthy claim by plaintiff. Clearly, defendant cannot attack the merits of

plaintiff's claim upon special appearance. *Kaiser-Frazer Corp. v. Eaton*, Del. Super. 1952, 7 *Terry* 509, 85 *A.* 2d 752.

Plaintiff has shown a real need for using proceedings under foreign attachment, and defendant has made no attack on the failure of plaintiff to fulfill all statutory requirements pursuant to such attachment. No abuse of process is apparent—plaintiff has done only what it had a statutory right to do. If defendant wishes to attack plaintiff's claim on the merits, he must do so by the proper procedure. Therefore, I deem defendant's first ground to be without merit.

Defendant's third contention is partially a reiteration of his first ground. It reads as follows:

"III.   The action should be dismissed because it was instituted for the purpose of interfering with the derivative shareholders' action now pending before Chancery in which defendant herein is a plaintiff."

What I have said concerning defendant's first ground applies with equal force here. This assertion implies that plaintiff has an unworthy claim, and goes to the merits of the case. Unworthiness is not shown by the plaintiff's prosecution of a remedy granted by the General Assembly. Unworthiness of claim may not be raised by special appearance.

"IV.   The defendant contends that in view of the purpose for which plaintiff brought this suit, the foreign attachment of defendant's property in the jurisdiction of Delaware is a violation of the 14th amendment to the Federal Constitution."

Here defendant reasserts his "abuse of process" argument, and further contends that such abuse is in violation of his constitutional guaranty of due process and equal protection of the laws. An implied attack on the merits of plaintiff's claim is again made, and what I have previously said excludes this from consideration on motion to dismiss.

Suffice it to say that our foreign attachment law has been upheld under due process and equal protection attacks by the Supreme Court of the United States. *Ownbey v. Morgan,* 1921, 256 *U. S.* 94, 102, 112, 41 *S. Ct.* 433, 65 *L. Ed.* 837.

"II.   The action should be dismissed on the ground of *forum non conveniens.*"

██   In support of his contention that this Court should dismiss under the doctrine of *forum non conveniens,* defendant asserts that the alleged libel and slander occurred at plaintiff's annual stockholders' meeting in Michigan; that defendant is a resident of Michigan; that plaintiff's main office and principal place of business is in Michigan; and that defendant's witnesses needed to defend the present action reside in Michigan. In opposition to such dismissal, plaintiff asserts that it is a Delaware Corporaton, organized and existing under the laws of the State; that plaintiff maintains three plants in this State and transacts a large volume of business herein annually; and that defendant has instituted two suits against plaintiff in this State which are now pending.

Defendant relies on *Winsor v. United Air Lines, Inc., Del. Super.* 1958, 154 *A.* 2d 561 where the doctrine of *forum non conveniens* was applied. In *Winsor* a non-resident plaintiff sued defendant, a Delaware Corporation, for the death of plaintiff's wife occurring in a plane crash in Colorado. Judge Christie of this Court pointed out that a similar suit was pending between the same parties in the United States District Court in Colorado, and that several other cases arising out of the same airplane crash were pending in the Colorado Court also. The only relevant contact with Delaware was the fact that defendant was a Delaware Corporation.

*Winsor* is an extreme case, and certainly one warranting the application of the doctrine of *forum non conveniens.* In the case at bar we have a Delaware corporation, doing extensive business in the State, and has chosen this forum. No

other case involving the same issues is pending in another jurisdiction. To the contrary, defendant has chosen this forum to litigate two other suits against plaintiff. It seems no more inconvenient for defendant to defend in this State than to prosecute here.

It seems inconsistent for defendant to ask this Court to require plaintiff to prosecute in Michigan, while defendant is prosecuting other causes of action against plaintiff in Delaware.

The Supreme Court of the United States, in considering the common-law doctrine of *forum non conveniens* has stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 1947, 330 *U. S.* 501, 508, 67 *S. Ct.* 839, 843, 91 *L. Ed.* 1055. I do not feel that the case at bar is "one of those rather rare cases where the doctrine should be applied * * *." *Id.*, 330 *U. S.* at page 509, 67 *S. Ct.* at page 843.

"V. The action of the President in bringing this suit was without corporate authority."

■ Initially, I do not feel that this ground is a proper one for consideration upon motion to dismiss. Rule 12(b) (1-7) of our Superior Court rules enumerates the defenses which may be raised by motion, and the defense herein asserted is not so enumerated.

This ground is covered by Rule 9(a) which provides:

"It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued on the authority of a party to sue or be sued in a representative

capacity, he shall do so by specific negative averment, supported by affidavit when required by Rule 8 (dd), which negative averment shall include such supporting particulars as are peculiarly within the pleader's knowledge." *Super. Ct. Rules of Civil Pro.*, Rule 9(a).

In discussing the similar Rule 9(a) of the *Federal Rules of Civil Procedure*, 28 *U. S. C. A.*, it is stated in 1*A Barron & Holtzoff, Federal Practice and Procedure*, Sec. 301 (1960):

"The new rule * * * provides that lack of capacity to sue must be raised by specific negative averment in the answer which shall include such supporting particulars as are peculiarly within the pleader's knowledge. (Emphasis added.)

  *   *   *   *   *   *

"Though the rule does not so state, where want of capacity is apparent on the face of the complaint, it may be raised by motion to dismiss."

In *Coburn v. Coleman, D. C. W. D. S. C.* 1947, 75 *F. Supp.* 107, 109, such lack of capacity on the part of the plaintiff appeared affirmatively on the face of the complaint, and defendant's motion to dismiss was granted. Since the lack of capacity so appeared, the Court stated that "it is not necessary for the defendant to raise the issue as to the authority of the administratrix to sue in her representative capacity by specific negative averment. It is not necessary to raise the issue by answer; it may be made by motion to dismiss." *Id.* at 109. See *Brush v. Harkins, D. C. W. D. Mo.* 1949, 9 *F. R. D.* 604, 605. (Motion denied since pleading did not show lack of capacity).

However, when lack of authority or capacity does not appear on the face of the complaint, it cannot be raised by motion to dismiss. *Aberdeen Hills Second Corp. v. Biafore, D. C. E. D. Pa.* 1960, 24 *F. R. D.* 502, 503; *Syracuse Broad-*

*casting Corp. v. Newhouse, D. C. N. D. N Y.* 1953, 14 *F. R. D.* 168, 170.

In *Aberdeen Hills Second Corp. v. Biafore, D. C. E. D. Pa.* 1960, 24 *F. R. D.* 502, defendants filed motion to dismiss on the ground that the plaintiff corporation was not authorized to maintain the action. In denying the motion the Court stated that "if, in fact, this suit is improperly brought by plaintiff corporation, the question must be raised as an affirmative defense being a matter of avoidance in accordance with Rule 8(c), *Fed. R. Civ. P.* 28 *U. S. C." Id.* at 503. In commenting on the *Biafore* case, it is stated in 1*A Barron & Holtzoff, Federal Practice and Procedure* Sec. 301, Fn. 6.2 (1960) Supp.) that "the Court correctly ruled that want of capacity could not be raised by motion to dismiss where it did not appear on the face of the complaint." The author also points out that the Court was incorrect in stating that the issue must be raised under Rule 8(c)—the proper procedure being by specific negative averment under Rule 9(a).

In the case at bar, lack of authority or capacity of the corporate plaintiff to bring this action does not appear on the face of the complaint. Therefore, defendant's fifth ground is not a proper one to be raised by motion to dismiss.

Predicated on my consideration of all five grounds asserted by defendant, I must deny defendant's motion to dismiss the complaint upon special appearance.