185 A.2d 762 (1962)
TRANS WORLD AIRLINES, INC., Plaintiff,
v.
Howard R. HUGHES and Hughes Tool Company, Defendants, and The Equitable Life Assurance Society of the United States, Metropolitan Life Insurance Company, Irving Trust Company, Dillon, Read & Co., Inc., James F. Oates, Jr., Harry C. Hagerty, Ben-Fleming Sessel, Ernest R. Breech and Charles C. Tillinghast, Jr., Added Defendants.
Court of Chancery of Delaware, New Castle.
October 10, 1962.
Rehearing Denied October 24, 1962.
*763 James M. Tunnell, Jr., and George T. Coulson of Morris, Nichols, Arsht & Tunnell, Wilmington, and Chester C. Davis, New York City, for defendant Hughes Tool Co.
Daniel L. Herrmann of Herrmann, Bayard, Brill & Gallagher, Wilmington, and Marvin Schwartz and John P. Allee, of Sullivan & Cromwell, New York City, appearing specially for additional defendant Ernest R. Breech.
MARVEL, Vice Chancellor.
In response to the complaint filed herein by Trans World Airlines, Inc., the defendant Hughes Tool Company has filed an answer in which it asserts affirmative claims against Trans World Airlines and additional parties, including one Ernest R. Breech, such additional parties having been brought into the case on an ex parte application of the responding pleader. Upon the filing of such pleading and the bringing in of such additional parties, shares of stock held by Mr. Breech in the Ford Motor Company were ordered seized as provided for in Title 10 Del.C. § 366 and Rule 4(dd) of this Court, Del.C.Ann. However, Mr. Breech did not thereafter appear, seeking rather by the present motion made under Rule 12(b) to vacate or quash such order of sequestration "* * * on the grounds of (1) lack of jurisdiction over his person; (2) insufficiency of process; and (3) insufficiency of service of process, for the following reasons:
"1) 10 Del.C. § 366 is not available to the defendant Hughes Tool Company against Ernest R. Breech as an additional defendant sought to be brought in to these proceedings by Counterclaim under Rule 13 (h); and
"2) The Court is not empowered under 10 Del.C. § 366 to seize, in this proceeding, stock held by Ernest R. Breech in the Ford Motor Company; and
"3) 10 Del.C. § 366 and 8 Del.C. § 169 violate the Fourteenth Amendment to the United States Constitution and Art. 1, § 7 of the Delaware Constitution when invoked to seize shares of stock in a Delaware corporation, neither the stock certificates nor the owner thereof being in Delaware and the cause of action involved being totally *764 unrelated to the issuing corporation or the shares seized; and
"4) In the exercise of sound judicial discretion, the Court should vacate and quash the Order of Appearance and Seizure under the circumstances of this case."
In support of such motion, counsel for Mr. Breech first argue that Title 10 Del.C. § 366 provides a method of attaching the Delaware property of a non-resident under certain conditions upon the filing of a complaint by a plaintiff and that Hughes Tool Company is not a "plaintiff", nor has it filed a "complaint".
Next, it is contended that Rule 13(h) governing counterclaims, which the pleading of Hughes Tool Company is denominated, provides for the bringing in of additional parties as defendants "* * * if jurisdiction of them can be obtained * * *" and thus requires by its very terms that an additional defendant so brought into a case be personally served.
Movants make the further contention that federal and state constitutional provisions enacted for the protection of property rights bar the seizure in Delaware of Mr. Breech's intangible rights, if any, in shares of stock of a Delaware corporation, which stock and the corporation issuing it, namely Ford Motor Company, have nothing to do with the matters in litigation. It is therefore strenuously argued that the seizure of such property, solely for the purpose of compelling Mr. Breech's appearance in Delaware to answer Hughes Tool Company's unrelated charges, offends traditional concepts of fair play and substantial justice and must be stricken.
Finally, it is argued that in any event because Title 10 Del.C. § 366 provides that the Court "may" make an order directing a non-resident to appear and "may" compel his appearance by seizure of his property, such drastic action should not be employed in a case in which the State's contacts with the seized property are at the most tenuous and where the pleadings filed by Hughes Tool Company themselves disclose that the person whose appearance is sought to be compelled is charged with having played only a minor role in the basic matters in litigation.
The prototype of present Title 10 Del.C. § 366 was enacted to provide in equity a procedure of attachment analogous to foreign attachment at law, Wightman v. San Francisco Toll-Bridge Co., 16 Del.Ch. 200, 142 A. 783, Cantor v. Sachs, 18 Del. Ch. 359, 162 A. 73 and Greene v. Johnston, 34 Del.Ch. 115, 99 A.2d 627, 42 A.L.R.2d 906. A writ of foreign attachment, as employed in Delaware both historically and by the terms of present Title 10 § 3506, is available at law for use against any individual not an inhabitant of this State. In contrast, Title 10 § 366 uses the terms "plaintiff" and "complaint" in delineating the procedure to be followed in equitable attachment. However, in my opinion, the use of such procedure should not be denied to Hughes Tool Company merely because it is not an original plaintiff. I say this because there is no doubt but that a claim for affirmative relief is being asserted by such corporation against a non-resident. Compare Delaware Chemicals, Inc. v. Reichhold Chemicals, Inc., 35 Del.Ch. 493, 121 A.2d 913, in which a counterclaim seeking affirmative relief was equated with an "action". Rule 8 fixes uniform requirements for a pleading which sets forth "* * * a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim * * *", and as a claim is here being asserted against Mr. Breech, the availability of the procedure outlined in Title 10 Del.C. § 366 should not be made to depend on whether or not the charges made against Mr. Breech are strictly speaking contained in a "counterclaim", as the pleading in question is denominated, or something else. The point is that the pleading in question sets forth a claim for relief in the form of a money judgment against the nonresident Ernest R. Breech and others. Such being the case, I believe that the present claimant should be permitted to avail *765 itself of the procedure set forth in Title 10 Del. C. § 366 as a means of pressing its claim. One of the basic purposes of the rules of this Court is to encourage and even to compel the joining in one case of all interested parties for the purpose of obtaining a final and comprehensive judicial determination of all aspects of a particular transaction or occurrence, and to require an original defendant in this action to institute an independent suit against Mr. Breech would, in my opinion, lead to pointless circuity. Therefore, I decline to quash the seizure of Mr. Breech's Ford Motor Company stock on the grounds that the pleading filed by Hughes Tool Company setting forth a claim against such person is, neither denominated a "complaint", nor filed by a "plaintiff".
Turning to movant's constitutional argument, I agree that Title 8 Del.C. § 169, which fixes the situs of ownership of stock of a Delaware corporation in Delaware except for the purpose of taxation, places a vast amount of intangible property within the jurisdiction of the courts of Delaware. Furthermore, there is no limitation contained in Title 10 Del.C. § 366 as to the seizure of a non-resident's property in Delaware, although, of course, the property so caused to be seized should always bear some reasonable relationship to the amount of the claim asserted. It should also be noted that property so seized is generally released upon the appearance of its owner, Title 10 Del.C. § 366, as applied.
Finally, I fail to perceive the pertinency of cases such as International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 which have to do with the question of whether or not the contacts of a foreign corporation with a sister state in which it is sued are such that traditional notions of fair play and substantial justice are offended in permitting a suit against it to proceed. Here, we are concerned with this Court's power over property whose situs has been declared by the Legislature to be for present purposes in Delaware, Cantor v. Sachs, supra, Ownbey v. Morgan, 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837, Canaday v. Superior Court, 10 Terry 456, 49 Del. 456, 119 A.2d 347, and Chrysler Corporation v. Dann (Del.Super.) 171 A.2d 223.
Movant's last contention must also fall in the light of what has been said earlier in this opinion and in view of the declared purpose and established use of Title 10 Del.C. § 366 and Rule 4(dd). Upon application for an order of sequestration Hughes Tool Company was required by court rule to establish that the non-resident Mr. Breech not only owned property in Delaware but that the other requirements of the applicable statute and rule had been met. This having been done, an order of sequestration issued as a matter of course. It will not be quashed merely because the charges made against Mr. Breech may be insubstantial.
On notice an order may be presented denying Ernest R. Breech's pending Rule 12(b) motion.