James P. MILLS, Jr., Plaintiff,

v.

Donald BARTLETT, Defendant.

Superior Court of Delaware,
New Castle.

April 1, 1970.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff.

Bruce Stargatt, and Edward B. Maxwell, II, of Young, Conaway, Stargatt & Taylor, Wilmington, for Trans Caribbean Airways, Inc.

## OPINION

CHRISTIE, Judge.

The plaintiff, James P. Mills, Jr., a resident of Delaware, seeks damages upon

theories of negligence and contract against the defendant, Donald Bartlett, a resident of Massachusetts. The complaint alleges that defendant fraudulently obtained possession of plaintiff's boat from a private dock in front of plaintiff's summer residence in Osterville, Massachusetts and while in possession of the boat defendant negligently or intentionally caused it to suffer certain damage. It is further alleged that upon learning of the damage, defendant delivered the boat to the Hyannis Marine Service of Hyannis, Massachusetts for repairs in the amount of $1,521.57 which plaintiff was required to pay. In addition to the cost of repairs, plaintiff seeks $1,000 for loss of use of the boat and for additional travel expenses incurred by plaintiff as a result of defendant's alleged misconduct.

The complaint sought a writ of foreign attachment to be served upon defendant's employer, Trans Caribbean Airways, Inc., a Delaware corporation. Upon the affidavit of plaintiff dated December 9, 1969, and upon the filing of a bond by plaintiff in the amount of $1,000 an order for a writ of foreign attachment was issued by the Court on December 10, 1969, stating that defendant earns wages or salaries from Trans Caribbean in the approximate sum of $1,500 per month in which defendant has full title and interest. On December 11, 1969, the Prothonotary of New Castle County issued a writ of attachment to the Sheriff of Kent County commanding him to attach the defendant by "attaching monies, credits, sums for wages, salaries or other types of indebtedness due and owing the defendant" to hold for plaintiff's claim totaling $2,521.57 together with interest and costs. Since that date 100% of the defendant's wages have been subject to garnishment under the writ.

A copy of the complaint, affidavit and the order for the issuance of the writ were served upon Trans Caribbean's registered agent in Delaware. By agreement with the plaintiff, Trans Caribbean was given until January 31, 1970, to respond to the writ.

On January 30, 1970, Trans Caribbean filed its motion to quash the foreign attachment and to dismiss this proceeding upon the grounds that this proceeding is invalid in that it fails to satisfy the requirements of due process of law under the federal and state constitutions, and that the procedure used herein fails to meet the requirements of Delaware statutory law and the rules of this Court. Defendant has not submitted to the *in personam* jurisdiction of the Delaware Court and pursuant to Rule 55, Del.C. Ann., default judgment was taken against defendant on January 27, 1970.

Trans Caribbean argues that the case at bar is controlled by the recent decision of the United State Supreme Court in Sniadach v. Family Finance Corporation of Bay View, et al, 395 U.S. 337, 23 L.Ed.2d 349, 89 S.Ct. 1820 (1969), wherein it was held that a procedure under which a *resident* defendant's wages were frozen by way of garnishment under Wisconsin statutes through a pre-judgment procedure and withheld during the interim between the garnishment of the wages and the resolution of the main suit, violated the due process requirements of the Fourteenth Amendment to the U.S. Constitution. The Court held that the defendant's property was denied to her without an opportunity to be heard.

It is the position of the plaintiff herein that the purpose of foreign attachment is to coerce a *non-resident* defendant to submit to the court's jurisdiction under pain of forfeiture of property located within the court's jurisdiction, citing Canaday v. Superior Court, 10 Terry, 456, 119 A.2d 347 (Del.Super.1961) and Chrysler Corporation v. Dann., 3 Storey 430, 53 Del. 430, 171 A.2d 223 (Del.Super.1961). Plaintiff argues that *Sniadach, supra,* is not controlling in this case because this is a foreign attachment and unlike *Sniadach, in personam* jurisdiction is not readily available over the non-resident defendant herein.

It is not necessary to determine whether or not the Delaware statutory procedures

and rules of this Court regarding foreign attachment were complied with in this case because the *Sniadach* decision is clearly controlling and dispositive of the central issue. The U. S. Supreme Court, with one justice dissenting, held that the Wisconsin pre-judgment wage garnishment procedure violated the due process clause of the Fourteenth Amendment to the Federal Constitution. In Wisconsin the court clerk issued a garnishment summons at the request of the creditor's lawyer, alleging a claim of $420. on a promissory note and through service upon the garnishee employer, ½ of the defendant's wages were frozen, ½ being the limit set by the garnishment statutes of Wisconsin. The defendant Sniadach was served personally on the same day that the garnishment was served on her employer and the *in rem* seizure of her wages was perfected, such wages to remain frozen until after a trial on the merits of the debt claim. Although Wisconsin procedure would have permitted defendant to secure the release of the garnisheed wages, she made no attempt to do so, and, instead, filed a motion to dismiss the garnishment on constitutional grounds. In holding the pre-judgment garnishment procedure to violate due process, the Court clearly distinguished between the traditional type of attachment or garnishment of property other than wages and the type dealing with garnishment of wages. Mr. Justice Douglas, in the majority opinion, stated:

"A procedural rule that may satisfy due process for attachments in general * * * does not necessarily satisfy procedural due process in every case. * * We deal here with wages—a specialized type of property presenting distinct problems in our economic system. We turn then to the nature of that property and the problems of procedural due process." 89 S.Ct. at 1822, 23 L.Ed.2d at 353.

The Court reviewed the results of recent investigations and testimony as to wage garnishment which disclosed "grave injustices" made possible by pre-judgment garnishment whereby the sole opportunity to be heard comes "after the taking" and concluded:

"The result is that a pre-judgment garnishment of the Wisconsin type may as a practical matter drive a wage-earning family to the wall. Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing * * this pre-judgment garnishment procedure violates the fundamental principles of due process." 89 S.Ct. at 1822, 23 L.Ed.2d at 354.

Since the *Sniadach* case clearly holds that it is the garnishment of *wages* without notice and prior hearing which offends due process principles, the fact that the instant case concerns a foreign rather than a domestic attachment or garnishment is irrelevant and immaterial since it is the defendant's wages which have been frozen. Because the Delaware foreign attachment procedure does not exempt any portion of the salary from seizure it is even more offensive under the *Sniadach* rationale when 100% of a man's wages are withheld and continue to be withheld, as earned, under one writ.

Under the principles of law enunciated in *Sniadach*, to the extent that the Delaware foreign attachment statutes permit the pre-judgment garnishment of wages due and owing to a non-resident defendant without notice and hearing, they are unconstitutional in that they violate the due process provisions of the Fourteenth Amendment to the Federal Constitution.

The writ of foreign attachment is quashed, the default judgment is stricken, the funds are released and the proceedings dismissed with all costs to be assessed against plaintiff.

It is so ordered.