Edward S. Conway, J.
This is a motion by the defendant for an order vacating the order of attachment granted by one of the Justices of this court on November 13,1972, on the ground that *804 the attachment, the procedure for procuring the order authorizing said attachment, and the statute authorizing an attachment, violate the Fourteenth Amendment of the United States Constitution in that the State of New York has deprived the defendant herein of her property without due process of law.
Defendant, Florence K. Riehman, moves to vacate and set aside the order of attachment granted by this court without notice to the defendant, pursuant to CPLR 6211. The warrant of attachment was granted in accordance with subdivision 8 of CPLR 6201 on the complaint of the plaintiff, Nathan H. Riehman, that the defendant had committed a conversion of certain moneys and negotiable instruments. Plaintiff gave an undertaking pursuant to CPLR 6212 (subd. [b]). Plaintiff has attached moneys and negotiable instruments in excess of $143,000 held in several local banks, pending the disposition of his action for conversion.
The defendant contends that the procedure established by article 62 of the CPLR for the issuance of orders of attachment is in violation of the Fourteenth Amendment to the Constitution of the United States in that it provides for the seizure of property without due process of law. The defendant further contends that procedural due process requires the giving of notice and the -opportunity for a hearing prior to the granting of an order of attachment, and that any significant taking of property by the State is within the purview of the due process clause.
Several recent cases dealing with prejudgment remedies of a plaintiff must be considered. Sniadach v. Family Finance Corp. (395 U. S. 337) is one of the leading cases concerning the constitutionality of provisional remedies. In Sniadach (supra), -the Supreme Court of the United States held that the prejudgment garnishment of an alleged debtor’s wages without notice and an opportunity for a hearing violated the procedural due process guarantee of the Fourteenth Amendment to the United States Constitution. A broad reading -of Sniadach (supra) would suggest that any attachment of the defendant’s property without notice to the defendant violates due process. The constitutional underpinnings of ex parte attachment were further undermined by the United States Supreme Court in Fuentes v. Shevin (407 U. S. 67 [June 12, 1972]).
In Fuentes (supra) the court struck down a replevin statute which permitted the pretrial seizure of chattels without prior notice to the defendant. Noting that property rights are no less sacred than personal rights, the court held that (supra, p. 80), “ -the constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision making
*805 when it acts to deprive a person of his possessions.” The court added that (supra, p. 81), “ if the right to notice and a hearing is to serve its full purpose, then, it is clear that it must he granted at a time when the deprivation can still he prevented.” While there may be (supra, p. 82) “ extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event,” the court saw no justification for a broad replevin statute permitting unlimited pretrial seizures of chattels without notice to the defendant. The Fuentes case has clearly eliminated any distinction between the deprivation of replevied goods which are “ necessities ” and. goods in which the possessor has a significant property interest. Both are entitled to the protection of procedural due process for the “‘Fourteenth Amendment speaks of “ property ” generally ’ ” (Cedar Rapids Eng. Co. v. Haenelt, 39 A D 2d 275, 277, quoting Fuentes). The court in Fuentes recognized that extraordinary situations might justify postponing notice and an opportunity to be heard. These situations, however, must be truly unusual or extraordinary.
The Supreme Court in Fuentes v. Shevin (407 U. S. 67, 82, supra) said: “‘That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing before he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event. ’ Boddie v. Connecticut, at 378-379 (emphasis in original).”
CPLB 6201 provides as, f ollows: ‘ ‘ An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled * * * to a money judgment against one or more defendants, when * * * 8. there is a cause of action to recover damages for the conversion of personal property, or for fraud or deceit.”
CPLR 6211 provides: ‘ ‘ An order of attachment may be granted without notice, before or after service of summons and at any time prior to judgment.”
It is the opinion of this court that subdivision 8 of CPLR 6201, which is the .subdivision that the plaintiff proceeded under in obtaining the order of attachment in the instant case, is not, when read in conjunction with CPLR 6211, in conformity with due process. It does not contemplate one of the extraordinary situations necessary to secure jurisdiction. (Ownbey v. Morgan, 256 U.S. 94 [1920].)
*806 In the 1972 Supplementary Practice Commentary by McLaughlin in McKinney’s following CPLR 6211, it states as follows (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 6211, 1972-1973 Annual Pocket Part, p. 25):
“ The impact of Fuentes upon attachment is uncertain. As already noted, the Court conceded that there could be ‘ extraordinary situations ’ that would permit the seizure of property before formal notice to the defendant. These situations, however, must be truly unusual. ’ In footnote 23 of the Fuentes opinion it is clear that one of the ‘ unusual ’ situations includes attachment necessary to secure jurisdiction (citing Ownbey v. Morgan, 1920, 41 S.C't. 433, 256 U.S. 94, 65 L.Ed. 839). Thus, it would appear that attachment under CPLR 6201 (1) and (2) will probably be safe from constitutional infirmity.
“ Not so clear, however, are the situations where attachment is sought under the remaining subdivisions of CPLR 6201. In these cases, where is the important governmental or public interest which is to be fostered? "Where is the special need for prompt action, which would justify ex parte seizure of the defendant’s property without giving the defendant the opportunity to controvert the questions of fact that must perforce arise under these other .subdivisions? ”
This court is of the opinion that subdivision 8 of CPLR 6201 is the section least likely to survive, and is of the further opinion that it cannot survive, for there are no foreseeable important governmental or public interest or “ unusual ” situations which would warrant a denial of a prehearing.
The motion of the defendant is granted.