**Freddie LONG, Plaintiff,**

v.

**Stephen LEVINSON, Defendant.**

**Civ. No. 4–911–W.**

United States District Court,
S. D. Iowa, W: D.

March 14, 1974.

Clayton H. Shrout of Shrout, Lindquist, Caporale, Brodkey & Nestle, Omaha, Neb., and David Richter, Council Bluffs, Iowa, for plaintiff.

David Grace and Eugene Davis, Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER

HANSON, Chief Judge.

The Court issues this memorandum and order pursuant to the Motion to Quash Attachment and to Dismiss; and in Alternative to Transfer filed by the plaintiff in this cause of action.

This action was commenced in October of 1971 on the basis of quasi in rem jurisdiction obtaining from the attachment of certain of the plaintiff's properties located in Pottawattamie County, Iowa. The plaintiff is attempting to satisfy a judgment previously obtained against the California Marketing Co-op, Inc. by suing the individual Stephen Levinson. The plaintiff in essence is attempting to satisfy a judgment against the corporation by piercing the corporate veil in an action against this defendant. The defendant attacks the attachment of his property without prior hearing and the resulting jurisdiction of this Court.

The defendant relies upon Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and other decisions of the United States Supreme

Court that have dealt harshly with pre-hearing replevin, attachment, and garnishment to support his attack upon the Court's jurisdiction in this case.

The defendant contends that his "due process" rights were violated by allowing the plaintiff to seize his property through an attachment without a prior hearing to determine the validity of the plaintiff's attachment. As a result of the attachment, the defendant claims that he is being deprived of the right to use, enjoy, lease, mortgage, sell, transfer and convey this real property.

The United States Supreme Court has dealt a severe blow to pre-judgment remedies of creditors in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) where the Court struck down a statute allowing pre-judgment garnishment and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) where the Court struck down a statute allowing pre-judgment replevin. These decisions have been followed by a multitude of state court decisions striking at the very heart of creditors remedies.

In Thorpe Credit, Inc. v. Barr, 200 N. W.2d 535 (1972), the Iowa Supreme Court held pre-judgment replevin to be unconstitutional as have many other states, Blair v. Pitchess, 5 Cal.3d 258, 96 Cal.Rptr. 42, 486 P.2d 1242 (1971); Sena v. Montoya, 346 F.Supp. 5 (D.N. M.1972); Finkenberg Furniture Corp. v. Vasquez, 67 Misc.2d 154, 324 N.Y.S. 2d 840 (Civ.Ct.N.Y.City 1971); Laprease v. Raymours Furniture Co., 315 F.Supp. 716 (N.D.N.Y.1970); Dorsey v. Community Stores Corp., 346 F.Supp. 103 (E. D.Wisc.1972); Hall v. Stone, 229 Ga. 96, 189 S.E.2d 403 (1972); Turner v. Colonial Finance Corp., 467 F.2d 202 (5th Cir. 1972 [Miss.]; Williams v. Berrey, 492 S.W.2d 731 (Mo.1973); Mitchell v. Tennessee, 351 F.Supp. 846 (Tenn.1972).

Pre-judgment garnishment without prior hearing has been struck down in the following cases. Aaron v. Clark, 342 F.Supp. 898 (N.D.Ga.1972); Arnold v. Knettle, 10 Ariz.App. 509, 460 P.2d 45 (1969); Brunswick Corp. v. Galaxy Cocktail Lounge, Inc., 513 P.2d 1390 (Haw.1973); Jones Press, Inc. v. Motor Travel Services, Inc., 286 Minn. 205, 176 N.W.2d 87 (1970); Larson v. Fetherston, 44 Wis.2d 712, 172 N.W.2d 20 (1969); McCallop v. Carberry, 1 Cal.3d 903, 83 Cal.Rptr. 666, 464 P.2d 122 (1970); McMeans v. Schwartz, 330 F. Supp. 1397 (S.D.Alas.1971); Mills v. Bartlett, 265 A.2d 39 (Del.Sup.Ct.1970); Reeves v. Motor Contract Co. of Ga., 324 F.Supp. 1011 (N.D.Ga.1971); Scott v. Danaher, 343 F.Supp. 1272 (N.D.Ill. 1972); Termplan, Inc. v. Superior Court of Maricopa County, 105 Ariz. 270, 463 P.2d 68 (1969).

Although most statutes that did not provide for a prior hearing before replevin or garnishment ensued, have gone by the wayside, the Courts have taken a much more cautious approach to the problem of pre-judgment attachments based upon the language of Fuentes v. Shevin, *supra* which intimates that there may be emergency situations where pre-judgment attachments are warranted without allowing a prior hearing.

> "There are 'extraordinary situations' that justify postponing notice and opportunity for a hearing. Boddie v. Connecticut, 401 U.S., at 379 [, 91 S. Ct. 780, 28 L.Ed.2d 113]. These situations, however, must be truly unusual. Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance."

Fuentes v. Shevin, 407 U.S. at 90–91.

Thus while many attachment statutes have been invalidated as it relates to at-

tachment solely to secure property to satisfy a judgment, Bay State Harness v. PPG, 365 F.Supp. 1299 (D.Mass. 1973); Clement v. Four North State Street Corp., 360 F.Supp. 933 (D.N.H. 1973); Etheredge v. Bradley, 502 P.2d 146 (Alas.Sup.Ct.1972); Gunter v. Merchants Warren National Bank, 360 F.Supp. 1085 (D.Me.1973); McClellan v. Commercial Credit Corp., 350 F.Supp. 1013 (D.R.I.1972); Richman v. Richman, 72 Misc.2d 803, 339 N.Y.S.2d 589 (Sup.Ct. Albany, 1973); Seattle Credit Bureau v. Hibbitt, 7 Wash.App. 219, 499 P.2d 92 (1972); Trapper Brown Construction Co., Inc. v. Electromech, Inc., 358 F.Supp. 105 (D.N.H.1973), the Courts have looked carefully to determine according to *Fuentes* standards as to what public interests are served by the attachment and to the need for attachment prior to a hearing, Lebowitz v. Forbes Leasing and Finance Corp., 456 F.2d 979 (3rd Cir. 1972 [Penn.]); (Resident plaintiff's interest in access to state forum in action against non-residents); U. S. Industries, Inc. v. Gregg, 348 F.Supp. 1004 (D.Del.1972) (quasi in rem proceeding).

The United States Supreme Court in *Fuentes* recognized the important state interest in allowing a Court to acquire jurisdiction in a quasi in rem proceeding through attachment. The Court specifically did not overrule Ownbey v. Morgan, 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837.

"Another case involved attachment necessary to secure jurisdiction in state court—clearly a most basic and important public interest. Ownbey v. Morgan, 256 U.S. 94 [, 41 S.Ct. 433, 65 L.Ed. 837]." Fuentes v. Shevin, 407 U.S. at 91.

■ In evaluating the three factors in *Fuentes* which may justify an attachment without prior hearing, the Court first notes the importance of the attachment as it relates to securing jurisdiction in this Court. This is a quasi in rem proceeding and this Court has no

jurisdiction to proceed in any manner with this lawsuit absent the attachment of this property upon which the Court's jurisdiction is based. The Court has strict control over the proceedings in this cause and the attachment itself. Finally, this Court cannot act without the jurisdiction conferred upon it by the attachment itself. Accordingly, this Court finds that the pre-hearing attachment in this quasi in rem proceeding did not violate defendant's right to "due process" because of the extraordinary situation justifying said procedure.

This Court makes no judgment as to whether the Iowa attachment statutes 639.1, 639.3 et seq. are valid except under the factual situation presented by this case.

■ A second issue presented to the Court relates to whether the California Marketing Co-op, Inc. should have been joined in this suit or must be joined in this suit in order to go forward with the lawsuit pursuant to Rule 19 of the Federal Rules of Civil Procedure. Rule 19 presents several situations in which a party should be joined in an action:

"if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

In this case complete relief can be accorded to the parties without the presence of California Marketing Co-op, Inc. The plaintiff is seeking to obtain personal liability of the individual defendant for the debts of the corporation. If such liability is established the Court can find no adverse financial impact upon California Marketing Co-op, Inc.

by the determination that another is responsible for one of its debts. There is no further relief that could be granted without the presence of the corporation than with its presence.

The corporation is not bound by res judicata to any judgment absent its presence that the corporation was a sham or alter ego of Stephen Levinson and thus the litigation of this issue does not adversely affect the ability of the corporation to defend its existence in later lawsuits.

The last question to be considered is whether Levinson's rights are adversely affected by the failure to join the corporation such that he may be subjected to the risk of incurring "double, multiple, or otherwise inconsistent obligations." The defendant contends that he could be subjected to liability from a cause of action initiated by the corporation and may incur double liability if it is shown that corporate assets were fraudulently transferred to the defendant. This suit, however, does not seek to regain fraudulently transferred assets but merely to satisfy a judgment against the corporation. The plaintiff is not suing for damages in this suit that would be identical with damages sought by the corporation in the type of suit envisioned by the defendant.

The Court concludes that the corporation is not a necessary party pursuant to Rule 19(a). Even if the corporation were a necessary party the Court concludes under the provisions of Rule 19(b) that the corporation is not an indispensible party. The Court does not find that any particular prejudice will result to the corporation (as noted previously) or to Levinson by the absence of the corporation in this suit. A complete judgment as between Levinson and Long can be made absent the corporation, and absent the attachment and resulting jurisdiction of this Court the plaintiff has no adequate remedy. Accordingly the Court concludes that this cause of action should be allowed to proceed even if the corporation were found to be a necessary party.

Under the old Rule 19 this Court may have reached an entirely different result than in this case. The purpose of the new rule as interpreted by the United States Supreme Court is to add flexibility to Rule 19 and to allow consideration on a case to case basis of the indispensible party problem.

"With this we may contrast the position that is reflected in Rule 19. Whether a person is "indispensable," that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation. There is a large category, whose limits are not presently in question, of persons who, in the Rule's terminology, should be "joined if feasible," and who, in the older terminology, were called either necessary or indispensable parties. Assuming the existence of a person who should be joined if feasible, the only further question arises when joinder is not possible and the court must decide whether to dismiss or to proceed without him. To use the familiar but confusing terminology, the decision to proceed is a decision that the absent person is merely "necessary" while the decision to dismiss is a decision that he is "indispensable." The decision whether to dismiss (i. e., the decision whether the person missing is "indispensable") must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a

court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him". Provident Trademens Bank and Trust Co. v. Patterson, 390 U.S. 102, 118–119, 88 S.Ct. 733, 743, 19 L. Ed.2d 936 (1968).

In examining this particular case and the underlying factual basis for this case as much as is evident at this time, the Court does not conclude that the corporation is an indispensible party.

■ The final issue to be determined in this course of action relates to whether this cause should be transferred to the Central District of California for all further proceedings. If this cause of action was based upon in personam jurisdiction this Court would find the considerations indicated by the defendant for transfer to be quite compelling. The plaintiff is attempting to "pierce the veil" of a California corporation to gain a judgment against an individual who is a resident of California. California law would apply as it relates to the matter of piercing the corporate veil. Most witnesses are located in California. If this cause of action were in personam against Levinson, the Court would transfer the case to California.

This cause, however, is based upon quasi in rem jurisdiction based upon real property located in Iowa. The defendant has not persuaded this Court that it is proper to transfer to the State of California a cause of action which is directed towards the ultimate disposition of real property located in Iowa.

Accordingly, it is ordered that the Motion to Transfer is overruled.

It is further ordered that the Motion to Quash Attachment and to Dismiss is overruled.

It is further ordered that the Motion for Judgment on the Pleadings is overruled.