### NASH v. MANGUM.

ATKINSON, J. Eddie Mitchell sued out a possessory warrant against Gordon Nash, for the recovery of the possession of a certain described mule. The constable made a return that he had arrested the defendant, but could not find the property mentioned and described in the writ, as the defendant claimed that he had sold it. The parties being before the court, and upon evidence being submitted, the justice of peace passed the following order: "The officer in this case being unable to seize the property, and I have heard the evidence as to the ability of the defendant to produce the property, and find that issue against the defendant. It is ordered, as set out in section 5377 of the 1911 Code of Georgia, that the defendant be and is hereby committed to jail, and there to remain in safe and close custody, without bail or mainprise, until the property shall be produced or forthcoming to be disposed of as the court directs in the hearing of the case." To this judgment the defendant sued out a writ of certiorari, which was dismissed in the superior court. Thereupon the justice of the peace entered up a judgment that the defendant be committed to the common jail of the county, and to remain in safe and close custody, without bail or mainprise, until such property shall be produced or forthcoming to be disposed of. This order was directed to the sheriff of Fulton county, who executed the same by taking the defendant into custody. Thereupon the defendant in the possessory-warrant proceedings sued out a writ of habeas corpus, alleging, that his detention was illegal, because of certain illegalities in the proceedings before the justice of peace, which he had complained of in his petition for certiorari; and on the further ground that before the commitment, and after the possessory-warrant proceedings had been begun, the plaintiffs instituted an action in trover with bail, in the superior court of said county; that the petitioner was arrested under the bail-trover process, and gave bond as required by statute, which said trover and bail proceeding is pending in Fulton superior court. *Held:* Under the Civil Code (1910), § 5377, the proceeding to compel production of property in a possessory-warrant case "ought to take place upon the return of the warrant, and before going into any question except that of the defendant's ability and liability to produce. The scheme of the statute is that the property shall be under the control of the magistrate at the time the final order is made. Imprisonment is a means for preparing the main case for trial and judgment, not a means of carrying the judgment into effect." *McClain* v. *Cherokee Iron Co.*, 58 *Ga.* 233. The judgment in the possessory-warrant proceeding, being by a court of competent jurisdiction and valid on its face, can not be reviewed and held to be illegal in a habeas-corpus proceeding, on account of alleged erroneous rulings on the trial of that case. The defendant's remedy being certiorari, which he attempted to avail himself of at the time, there was accordingly no error in refusing to discharge the applicant for habeas corpus.

*Judgment affirmed. All the Justices concur.*
APRIL 27, 1914.

Habeas corpus. Before Judge Bell. Fulton superior court. October 4, 1913.

*Paul L. Lindsay,* for plaintiff.

*J. F. Golightly* and *T. C. Battle,* for defendant.