## 46525. STONE v. HALL.

PANNELL, Judge. In this case the plaintiff appellant brought an action in bail trover against the defendant appellee in the Civil Court of Fulton County on April 8, 1971. The defendant filed an answer on the 23rd day of April, 1971, in which it denied

the material allegations of the complaint in the first defense and in the second defense pleaded full payment on the property sought to be recovered to a furniture company not the plaintiff, and also filed a counterclaim seeking recovery of exemplary and punitive damages based on the affidavit to obtain bail trover which was alleged to be false, voluntary, wilful and wanton and to be a deliberate and malicious use or abuse of process. The defendant made a motion for summary judgment on April 23, 1971, attaching the check representing the payment above referred to and her affidavit with certain attachments. On May 25, 1971, plaintiff filed a motion to dismiss the defendant's motion for summary judgment because it was filed less than 30 days from the filing of the suit and the motion was prematurely filed. The plaintiff also in its answer to the defendant's motion for summary judgment sought summary judgment in her favor attaching affidavits and certain documents thereto. The trial court denied the plaintiff's motion for summary judgment and denied the defendant's motion for summary judgment "except as it relates to the affidavit of bail, in which instance the motion for summary judgment is granted" and ordering the property involved to be delivered to the defendant forthwith with storage and marshal's costs against the plaintiff. The appellant enumerated the following errors: (1) the court erred in overruling the appellant's motion to dismiss the appellee's motion for summary judgment; (2) the court erred in granting the defendant's motion for summary judgment as it "relates to the affidavit of bail"; (3) the court erred in its failure to sustain appellant's motion to strike appellee's counterclaim; (4) the court erred in not sustaining appellant's motion for summary judgment and (5) the court erred in ordering the property involved in the trover action returned to the defendant and placing claims for storage and marshal's costs against the appellant. *Held:*

1. Since, for reasons hereinafter given, the grant of the summary judgment to the defendant appellee is reversed, it is not necessary to pass upon the question of whether the trial court erred in overruling the plaintiff appellant's motion to dismiss the defendant appellee's motion for summary judgment as being

premature.

2. The trial court erred in sustaining the defendant's motion for summary judgment as it "relates to the affidavit of bail," upon which the defendant appellee's counterclaim was based, for the reason that such counterclaim for malicious use or abuse of process failed to set forth a cause of action. *Metro Chrysler Plymouth v. Pearce,* 121 Ga. App. 835 (2a) (175 SE2d 910). Further, the evidence relating thereto was in dispute, that is, whether the affidavit of bail was malicious, wilful and wanton.

3. It does not appear that appellant's motion to strike appellee's counterclaim was presented to or insisted upon by the movant or that any action of the trial judge was requested thereon. Under these circumstances, no error is shown in the court's failure to act thereon.

4. The enumeration of error as to the overruling of plaintiff appellant's motion for summary judgment is not subject "to review by direct appeal or otherwise," unless the requirements that the lower court certify it for direct appeal are met. There being no certificate for review as required by law for a direct appeal therefrom, no review can be had. *Moulder v. Steele,* 118 Ga. App. 87 (162 SE2d 785); *Hood v. General Shoe Corp.,* 119 Ga. App. 649 (2) (168 SE2d 362).

5. Whether or not an action in *bail trover* was authorized, the trial court erred in ordering the property involved in the bail trover action returned to the defendant pending the trial of the case in the absence of a requirement of a forthcoming bond from the defendant, it having been properly levied upon while in the possession of the defendant.

6. The judgment is reversed for the reasons set forth in Divisions 2 and 5.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 8, 1971—DECIDED SEPTEMBER 17, 1971—
REHEARING DENIED OCTOBER 7, 1971.

*Oze R. Horton,* for appellant.
*David G. Crockett, Alden C. Harrington,* for appellee.