26728. BLOCKER et al. v. BLACKBURN et al.

ARGUED SEPTEMBER 16, 1971—DECIDED NOVEMBER 5, 1971.

*David G. Crockett, Michael H. Terry, Robert Dokson,* for appellants.

*Smith & Brooks, Theodore Smith, S. S. Robinson, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Carl C. Jones, III, Deputy Assistant Attorney General,* for appellees.

MOBLEY, Presiding Justice. The question presented here is whether "Chapter 61-4. Distress Warrants" of the Georgia Code violates the due process and equal protection clauses of the Constitution of the United States and of the State of Georgia.

In this case the attorney of the owner of a house made an affidavit that Louise Blocker, defendant, is indebted to the owner in the amount of $500 as rent on the house. The clerk of the court issued an order to the marshal commanding him to levy on and sell sufficient property of the defendant to make the money sworn to be due, and report

thereon to the court. The marshal executed the warrant, levied upon and seized described furniture of the defendant, removing it from the house and retaining possession of it.

Louise Blocker filed her petition seeking declaratory and injunctive relief. By consent of the parties this case was consolidated with another similar case, Helen Griffin and Homer Griffin v. S. D. O'Neal and others, and they proceeded together. The judgment rendered applies to both cases.

The court after consideration entered judgment dismissing the appellants' complaints, denying the relief sought, and dissolving the temporary restraining order.

The appeal is from that judgment. Enumerated as error is that the trial court erred: (1) in dismissing the appellants' complaints; (2) in refusing to declare Georgia Code §§ 61-401, 61-402, 61-404, 61-405, and 61-406 unconstitutional; and (3) in refusing to grant the appellants' prayer for temporary and permanent injunction, enjoining the appellees from interfering with the appellants' use and enjoyment of their property prior to any opportunity to have a trial on the issue of rent due.

As we view this case, the controlling question is whether the Georgia Distress Warrant Law, Code §§ 61-401—61-407, violates the due process clauses of the State and Federal Constitutions.

Code § 61-402 provides that any person having rent due may apply to any justice of the peace and obtain a distress warrant for the sum claimed to be due, which may be levied on any property belonging to the debtor by any constable, who shall advertise and sell the property, as in case of levy and sale under execution.

The property is levied on and removed from the premises without notice or opportunity of the owner to be heard. The distress warrant procedure contains no provision for the owner to be notified that his property is to be seized, after a distress warrant has been sworn out, nor does it provide opportunity for the owner to defend before the seizure occurs.

The first notice the owner has is when the officer arrives at his house to seize the property. The marshal or sheriff is authorized to advertise and sell the property in order to satisfy the debt. The owner can arrest the sale by filing a counter-affidavit and can recover the property by posting a replevy bond for the eventual condemnation money and a forthcoming bond equal to double the value of the property levied on. When counter-affidavit is filed by the owner, the case goes to the court for jury trial and the property remains in the officer's possession pending trial unless bonds are posted. The appellants allege that they are indigent and unable to post bond, and thus are deprived of the use of their property.

Neither this court nor the Supreme Court of the United States has passed upon this precise question. However, this court in *State of Ga. v. Sanks,* 225 Ga. 88 (166 SE2d 19), held that *Code* §§ 61-303 and 61-305, relating to dispossessory warrant proceedings, were not unconstitutional under equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution (*Code* § 1-815) and of the Georgia Constitution, Art. I, Sec. I, Pars. II, III, IV (*Code Ann.* §§ 2-102, 2-103, 2-104). That case was appealed to the United States Supreme Court, but the issue was not decided by the court, since at the time the opinion was written by the United States Supreme Court the tenants had removed from the house and the statutory law of Georgia governing dispossessory warrant proceedings had been changed. See *Sanks v. Georgia,* 401 U. S. 144 (91 SC 593, 27 LE2d 741).

The United States Supreme Court in Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349), decided June 9, 1969, subsequent to *State of Ga. v. Sanks,* 225 Ga. 88, supra, decided January 23, 1969, held that: "Wisconsin's prejudgment garnishment of wages procedure, with its obvious taking of property without notice and prior hearing, violates the fundamental principles of procedural due process." Under the Wisconsin law the clerk of the court issues a summons at the request of the creditor's law-

yer, and the latter, by serving the garnishee, sets in motion the machinery whereby wages (one-half those due the employee) are frozen. The Supreme Court points out that the wages may be unfrozen if the trial is ever had and the wage earner wins on the merits. But in the interim the wage earner is deprived of the enjoyment of earned wages without any opportunity to be heard and to tender any defense he may have. The court concludes with this ruling (p. 342): "Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing (cf. Coe v. Armour Fertilizer Works, 237 U. S. 413, 423) this prejudgment garnishment procedure violates the fundamental principles of due process."

The situation in that case is analogous to what we have here. There the wage earner is deprived of one-half his earnings without notice or hearing. Here, the owner's furniture is summarily removed from his home, because he is allegedly behind with payment of his rent, without giving him any notice or prior hearing.

Justice Harlan in a concurring opinion in Sniadach v. Family Finance Corp., 395 U. S. 337 (pp. 342-344), supra, stated: ". . . I do not consider that the requirements of 'notice' and 'hearing' are satisfied by the fact that the petitioner was advised of the garnishment simultaneously with the garnishee, or by the fact that she will not permanently lose the garnished property until after a plenary adverse adjudication of the underlying claim against her, or by the fact that relief from the garnishment may have been available in the interim under less than clear circumstances . . . Apart from special situations, . . . I think that due process is afforded only by the kinds of 'notice' and 'hearing' which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of his property or its unrestricted use."

The courts of Georgia have made it equally clear that due process requires notice and hearing. "Due process of law as guaranteed by the Federal and State Constitutions

includes notice and hearing as a matter of right where one's property rights are involved. *Sikes v. Pierce,* 212 Ga. 567 (2) (94 SE2d 427); *Robitzsch v. State,* 189 Ga. 637 (7 SE2d 387); *Southern R. Co. v. Town of Temple,* 209 Ga. 722, 724 (75 SE2d 554). The fundamental idea in 'due process of law' is that of 'notice' and 'hearing.' *Arthur v. State,* 146 Ga. 827, 828 (92 SE 637); Link v. Wabash, 370 U. S. 626 (82 SC 1386, 8 LE2d 734); Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (70 SC 652, 94 LE 865); Central of Ga. R. Co. v. Wright, 207 U. S. 127 (28 SC 47, 52 LE 134)." *Dansby v. Dansby,* 222 Ga. 118, 120 (149 SE2d 252). See also *Holland Furnace Co. v. Willis,* 222 Ga. 156 (1) (149 SE2d 93).

The distress warrant proceeding which permits household furniture of the owner to be removed from his home and held by the levying officer of the court without notice and without hearing deprives the owner of his property without due process of law.

Accordingly, the judgment of the trial court is

*Reversed. All the Justices concur.*