### 27001.  HALL v. STONE.

HAWES, Justice. This is a bail trover action commenced under the provisions of *Code Ch.* 107-2. The issue before this court is the constitutionality of *Code* §§ 107-201, 107-202, and 107-203. The defendant in the trial court filed a proper and timely constitutional attack on the grounds that those Code sections violate the due process and equal protection clause of the United States Constitution. That contention was overruled by the trial court and the defendant appealed.

1. When the proceeding was first filed, the defendant filed

certain defenses therein which did not raise any constitutional question. Certain motions were filed by the parties and rulings were entered with respect thereto by the trial court. An appeal was taken to the Court of Appeals which reversed the judgment and returned the case to the trial court for further proceedings. See *Stone v. Hall,* 124 Ga. App. 564 (184 SE2d 502). When the case was returned to the trial court, the defendant filed a motion to stay the marshal's seizure of property, which motion embodied, among its grounds, attacks on the constitutionality of the bail trover proceeding including a sufficient attack on the ground that the proceeding deprived the defendant of her property without due process of law. A hearing was had on that motion and an order passed denying the relief sought by the movant. That order was certified by the trial judge for immediate review. We thus have directly presented to us the question of whether *Code* §§ 107-201 through 107-203 violate the due process provisions of the 14th Amendment to the United States Constitution, and it is unnecessary to decide whether the trial court properly allowed an amendment to the defendant's answer subsequent to the entry of the order appealed from but before notice of appeal was filed. The motion of the appellee filed in this court to strike that amendment (assuming it to have been properly filed in this court) and to dismiss the appeal is denied.

2. *Code* §§ 107-201 through 107-203 establish the remedy of bail trover. They provide that where, in any trover proceeding for the recovery of personal property which is in the possession, custody or control of the defendant, the plaintiff "has reason to apprehend that the said personal property has been or will be concealed or moved away, or will not be forthcoming to answer the judgment, execution, or decree that shall be made in the case," he may make affidavit to that effect, including therein a statement as to the value of the property and that he does verily and bona fide claim said personal property or some

valuable interest therein. When such affidavit is properly filed in the clerk's office of the court where the case is pending it shall be the duty of the sheriff to seize the property from the possession of the defendant or to require the defendant to give a good and sufficient security in an amount double the value of the property. If the defendant fails to give bond or to deliver the property on demand, then the sheriff shall seize the person of the defendant and commit him to jail until the bond shall be given or the property delivered. Under the scheme thus provided by the law, the defendant is entitled to no notice and to no opportunity to be heard prior to the seizure of the property or his incarceration, and if he is unable or refuses to deliver the property to the levying officer, the burden is upon him after his incarceration to petition the court and make a showing as to his inability to deliver the property or to give bond before he is authorized to be released. *Code Ann.* § 107-205.

There is no substantial difference in the Georgia bail trover proceeding and in the Georgia Distress Warrant law embodied in *Code* §§ 61-401 through 61-407 which we recently held violative of the due process guarantees of the United States Constitution. *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56). The very infirmities which were there pointed out to exist in the distress warrant proceeding are present in the Georgia bail trover proceeding, and the reasoning which was advanced in that case is clearly applicable here. It is unnecessary to repeat here in extenso the reasoning of that opinion, or to cite the authorities upon which it is based.

The very essence of due process is notice and an opportunity to be heard. The proceeding here under attack is utterly devoid of any safeguards to the defendant in this regard. His property may be seized upon the filing of a bail affidavit without any prior notice and without any opportunity to be heard. We hold, therefore, following the authorities and the reasoning set forth in *Blocker v. Blackburn,* supra, that *Code* §§ 107-201, 107-202, and

107-203 violate the due process guarantees of the United States Constitution and that the trial court erred in refusing to so hold. It is unnecessary to consider any other constitutional attack made by the appellant.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED FEBRUARY 15, 1972—DECIDED APRIL 20, 1972—REHEARING DENIED MAY 3, 1972.

*Alden C. Harrington, David A. Webster,* for appellant.

*Oze R. Horton, Arthur K. Bolton,* Attorney General, for appellee.