27758. RUFF v. LEE.

Argued March 13, 1973 — Decided April 13, 1973.

*Floyd C. Hale, David A. Webster, Wm. F. Welch,* for appellant.

*Archer, Patrick, Sidener & Thomason, R. William Hammer,* for appellee.

Nichols, Justice. The appellant contends that under the rationale of the decisions in *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56); *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403), following Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556), a finding that Code Ann. § 67-1506, supra, is unconstitutional is demanded and that it was error for the trial court to deny her motion for summary judgment.

The basic question presented by this appeal is whether the trial court erred in denying the appellant's motion for summary judgment. If the statute attacked were to be declared unconstitutional, it would not aid the appellant inasmuch as the deed to secure debt expressly set forth the rights and duties of the holder thereof as to any exercise of the power of sale, and no contention is made that the grantee in such deed did not follow explicitly the terms of the contractual agreement. In order for the appellant to be entitled to the summary judgment not only would the statute have to be unconstitutional, but the terms of the contract would have to be against public policy, and it cannot be said that the contract would fall into such category.

Unlike the contracts dealt with in Fuentes v. Shevin, supra, the contract did not authorize the grantee "to take back," "to retake" or "may repossess," nor did it merely authorize the grantee "to sell" such realty under the provisions of any statute without setting forth what should be done. To the contrary, the deed expressly set forth that upon default: "the grantor . . . hereby agrees that if there be a default in the payment of principal or interest, taxes and/or insurance when due then said grantee . . . may, and by these presents, is authorized to sell at public outcry before the Court House door in the County of Fulton, to the highest bidder for cash, all of said property to pay the said principal with interest thereon to the date of sale, and expenses of the proceedings, including fees of attorneys, together with all advances made for insurances or taxes, after advertising the time, place, and terms of sale in any newspaper published in said County of Fulton once a week for four weeks prior to said day of sale, and it is hereby stipulated that the foregoing power of sale being coupled with an interest shall be irrevocable by the death of either party hereto and the said grantee . . . may bid at said sale and the said grantee . . . may make to the purchaser or purchasers of

the said property good and sufficient title in Fee Simple to the same thereby divesting out of said grantor . . . all the right and equity . . . may have in and to said property, and vesting the same in the purchaser or purchasers aforesaid."

In *Giordano v. Stubbs,* 228 Ga. 75 (184 SE2d 165) it was held, following *Scott v. Paisley,* 158 Ga. 876 (124 SE 726) affirmed, 271 U. S. 632 (46 SC 591, 70 LE2d 1123), that the holder of a secondary deed to secure debt is not entitled to any notice beyond that called for by the contract. In *Scott v. Paisley,* supra the court held that a subsequent purchaser was not denied due process of law where the notice required by the contract was given. Other cases upholding sales made under contracts similar to the one here under consideration are exemplified by *Ellis v. Ellis,* 161 Ga. 360 (130 SE 681); *Oliver v. Slack,* 192 Ga. 7 (14 SE2d 593), and similar cases.

The trial court did not err in denying the appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs specially.*

GUNTER, Justice, concurring specially. I concur in the judgment rendered by the court today. However, I desire to state the reasons for my concurrence.

The appellant here was a debtor-grantor in a deed to secure debt. In Georgia a deed to secure debt conveys absolute title to the realty to the grantee, "with the right reserved by the grantor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured *agreeably to the terms of the contract. "* Code § 67-1301.

The security deed in this case contained a power of sale in favor of the grantee which provided a procedure by which the reserved right in the grantor to reconveyance could be cut off. In short, upon default on the part of debtor-grantor, the grantee was authorized to exercise the power of sale by advertisement of same by publication

once a week for four weeks prior to the sale to be conducted in the same manner as sheriff's sales are conducted in this state.

The grantee exercised the power of sale in accordance with its terms as contained in the security deed, and by doing so he cut off the debtor-grantor's reserved right to reconveyance.

The debtor-grantor's contention here is that this prescribed method of foreclosure of this reserved right or equity does not comport with procedural due process in that it does not give adequate notice and a hearing to the debtor-grantor before this reserved right or equity is terminated.

Another Georgia statute (Code Ann. § 67-1506) provides that no sale of real estate under powers contained in deeds shall be valid unless the sale shall be advertised and conducted at the same time and place and in the usual manner of sheriff's sales in the county in which the real estate being sold is located.

It is this latter statute that the debtor-grantor attacks as being unconstitutional in that it does not require adequate notice and a hearing prior to the exercise of the power of sale; and that this statute therefore permits foreclosure in violation of minimum procedural due process requirements.

The gist of the appellant's arguments seems to be that since this statute permits foreclosure in this manner without minimum procedural due process requirements, and since foreclosure in this case was pursuant to contractual provisions which were in turn based on this statute, then procedural due process has not been accorded to the appellant.

This issue was presented to the trial judge by the appellant's motion for summary judgment which was denied. However, a certificate for immediate review of this ruling was granted.

I agree that the trial court's judgment was correct.

The essence of appellant's argument is that Code Ann. § 67-1506 is unconstitutional on its face in that it does not require adequate notice and a hearing before sale. I do not agree with this argument. It is clear to me that this statute standing alone does not permit a foreclosure. The statute itself is predicated on a contract between the parties containing a power of sale from the grantor to the grantee. Unless such a contract is in existence there can be no foreclosure under the statute. And if such a contract containing the power of sale is in existence between the parties, then the statute merely says that a foreclosure or sale under the power will only be valid if the sale is conducted in the manner prescribed by the statute. The statute, therefore, in and of itself does not allow foreclosure or the divestment of a property right.

There must be a contract between the parties containing a power of sale before the statute even comes into the legal picture. And it is clear to me that a party can by contract waive his due process rights to notice and a hearing. See D. H. Overmyer Co. v. Frick Co., 405 U. S. 174 (92 SC 775, 31 LE2d 124) (1972).

In the instant case the debtor-grantor signed and delivered to the grantee a deed conveying absolute title to the grantee. The debtor-grantor retained the right to reconveyance of the realty upon the payment of the specified debt. The deed contained a provision whereby the reserved right to reconveyance could be divested by following a specified procedure. The specified procedure for divestment did not include actual notice and a hearing to and for the debtor-grantor as legal requirements prior to divestment. This, in my opinion, amounted to a positive contractual waiver of procedural due process requirements of notice and a hearing. The provisions in the contract of the instant case are, to my mind, analogous to the provisions in the contract in Overmyer where the Supreme Court of the United States held that the due process requirements for notice and a

hearing were waived.

But the appellant argues that the contract in Overmyer was plainly not a contract of adhesion, and that a Georgia deed to secure debt, on a printed form, containing a power of sale is plainly a contract of adhesion and should therefore be held to be constitutionally unenforceable pursuant to the statute, Code Ann. § 67-1506.

A Georgia deed to secure debt containing a power of sale is not on its face an unenforceable contract of adhesion. Clearly, if a lawyer, knowledgeable in Georgia real estate law, were to excute and deliver such a deed, it would not be held to be an unenforceable contract of adhesion. Whether such a deed is an unenforceable contract of adhesion may be a question of fact depending upon the circumstances, but such a deed is not an unenforceable contract of adhesion as a matter of law.

I conclude that the Georgia statute here attacked, Code Ann. § 67-1506, is not unconstitutional on its face; and the contract providing for divestment contained in the deed is not, per se, violative of procedural due process.

I distinguish the present case from Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969) and Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972) in that here there was a prima facie written contractual waiver of procedural due process rights. Here the debtor-grantor by contract specified the procedure, which was not summary, by which divestment of a reserved right could take place. Such an agreement is not constitutionally infirm per se; and if such an agreement was voluntarily, intelligently, and knowingly made, which may be a question of fact in some circumstances, then such an agreement for divestment is constitutionally enforceable.

For the reasons stated, I concur in the judgment of affirmance.