28065. PITTS v. GENERAL MOTORS ACCEPTANCE CORPORATION.

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 15, 1973.

*Elsie H. Griner,* for appellant.

*Owens & Hilyer, Kenneth R. Hilyer, King & Spalding, R. Byron Attridge, G. Lemeul Hewes,* for appellee.

GRICE, Presiding Justice. The Court of Appeals has certified the following question to this court:

"Is Code Section 67-701, providing for the manner of foreclosure of mortgages on personal property violative of Article I, Section I, Par. III of the Constitution of the State of Georgia (Code Ann. § 2-103) which provides that 'No person shall be deprived of life, liberty, or property, except by due process of law.' in that it fails to provide for a notice and hearing to the mortgagor prior to the seizure of the property foreclosed?

"See in this connection *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403) (1972); *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56); Sniadach v. Family Finance Corp., 395 U. S. 337 [89 SC 1820, 23 LE2d 349] (1969)."

The case arose when General Motors Acceptance Corporation (GMAC) filed in the Superior Court of Tift County a "Notice of Intent to Foreclose" complaint against Shirley A. Pitts, alleging essentially as follows: that on August 4, 1972, Mrs. Pitts entered into an instalment sales contract with a named dealer to purchase an automobile; that the contract was assigned by the seller to GMAC; that Mrs. Pitts has defaulted in the payments of the contract and is in arrears for the months of October, November and December, 1972; and that it intended to foreclose on the contract, execute levy upon the automobile and petition the court for a quick sale and costs. The prayers were that a hearing be set, that order issue and for other appropriate relief.

Mrs. Pitts by counsel filed an answer denying the essential allegations and a cross complaint which is not in issue here.

After the hearing, where evidence was presented by both parties, the trial court entered an order on January 19, 1973, declaring Mrs. Pitts to be in arrears on the contract with GMAC and ordering the execution, levy, foreclosure and sale of the automobile.

Subsequently, on January 25, 1973, GMAC filed a "Notice of Application for Quick Order of Sale" to provide for the sale of the automobile after 10 days advertisement.

On February 16, 1973, Mrs. Pitts filed a notice of appeal to the Court of Appeals from the order of January 19, 1973, referred to above. The statement of jurisdiction noted that "no equitable or constitutional questions are involved; nor any other question

which would give jurisdiction to the Supreme Court of Georgia." GMAC filed a motion to dismiss the appeal upon the ground that the order which was enumerated as error was not appealable under the Civil Practice Act (Ga. L. 1968, pp. 1072, 1073; Code Ann. § 6-701); and that it had not been certified for immediate review by the trial court.

The Court of Appeals did not rule upon the enumeration of errors or the motion, but certified the above constitutional question to this court.

The rules of this court provide that "In all cases brought to this Court upon questions certified by the Court of Appeals as necessary to a proper determination of the case, this Court shall determine whether the questions certified conform to the requisites required by this court, and when so, the Court shall answer the questions so certified." Supreme Court Rule 41; Code Ann. § 24-4541.

The rule as stated by the Court of Appeals is that "The question whether a statute is for any reason unconstitutional will not be certified to the Supreme Court when a determination of the issues involved can be reached without a decision of that question." *Cosper v. State,* 13 Ga. App. 301 (1) (79 SE 94).

This court has consistently held that it "will never pass upon the constitutionality of an Act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge. *Brown v. State,* 114 Ga. 60 (2) (39 SE 873); *Georgia & Florida R. v. Newton,* 140 Ga. 463 (3) (79 SE 142); *Bentley v. Anderson- McGriff Hardware Co.,* 181 Ga. 813 (1) (184 SE 297); *West v. Frick Co.,* 183 Ga. 182 (187 SE 868)." *Calhoun v. State,* 211 Ga. 112, 113 (84 SE2d 198). See also, *Campbell v. J. D. Jewell, Inc.,* 220 Ga. 400 (139 SE2d 161), and cits.

It should be noted that in the two cases cited by the Court of Appeals in the certified question, this court expressly stated that specific judgments of the trial court on the constitutional issue were being reviewed. *Blocker v. Blackburn,* 228 Ga. 285, 286, supra; *Hall v. Stone,* 229 Ga. 96, supra.

Here, however, the record clearly shows that the constitutional question of denial of due process is not necessary to a determination of the case because Mrs. Pitts had both notice and a hearing before her property was seized; and that no constitutional issue was raised by either party in the trial court.

*For the foregoing reasons, the certified question is not answered. All the Justices concur.*