### 48177. PITTS v. GENERAL MOTORS ACCEPTANCE CORPORATION.

PANNELL, Judge. General Motors Acceptance Corporation, the holder of an instalment sales contract, on January 4, 1973, filed what it termed a "notice of intention to foreclose" in the Superior Court of Tift County, Georgia, alleging that Shirley A. Pitts is a resident of Tift County; that defendant executed an instalment sales contract for the purchase of a 1972 Buick automobile, I. D. No. 4U37T2Y206177, a copy of which contract was attached; and alleging further that defendant was in arrears in the amount of $486.66, for the October, November and December, 1972 payments. The last paragraph and the prayers were as follows: "That the plaintiff has the intent to foreclose on such Installment Sales Contract, execute levy upon the said automobile, and petition the court for quick order of sale of such automobile, and petition for costs of such foreclosure and 15%

additional as attorney's fees.

"Wherefore, plaintiff prays: (a) that a hearing be set at a time and place certain for the Defendant to show cause, if any she can, why such foreclosure proceedings, levy and sale, should not be had; (b) that after such hearing order issue for foreclosure, levy and sale of such 1972 Buick Electra automobile; (c) that the plaintiff have what other relief the Court deems equitable and proper."

Following the petition or notice, but not referred to therein, was an affidavit, properly executed before a notary public and entitled "Affidavit To Foreclosure," which stated that the balance due was $486.66, which met the requirements of Code § 67-701. Following this affidavit was an order dated January 4, 1973, directing the defendant to appear before the trial judge at the chambers at the courthouse of Tift County, Georgia on January 19, 1973, at a designated time "and show cause why all the prayers prayed for in such complaint should not be granted." It also appears that on the day the petition or notice was filed a summons was issued by the clerk, calling upon the defendant to answer within 30 days of service of the summons, which summons was served along with the petition, etc., on January 4, 1973. On January 19, 1973, the defendant filed her answer under oath denying the material allegations of the petition or notice, and also a "cross complaint" alleging in substance that plaintiff had repossessed the Buick automobile with the assistance of a police officer, but without authority of law on October 24, 1972, when she was unable to pay at that time, the $162.22 payment due that day. At a hearing on January 19, 1973, the trial court "after evidence being presented to the court" (no transcript of which was made) found the defendant in arrears in the amount of $548.88 with an outstanding balance of $5,621.42, plus interest and 15% attorney fees; and order that execution issue and that levy be made and the foreclosure and sale of the automobile. Execution issued on January 19, 1973 against the Buick automobile for the amount of $5,621.42 plus interest and attorney fees. No entry of levy appears upon the execution in the record, although application for a quick order of sale to be heard January 30, 1973, and filed January 5, 1973, so recites. The defendant entered her appeal to this court from the trial judge's order of January 19, 1973. The plaintiff appellee moved to dismiss the appeal as being premature. *Held:*

1. This court, in a certified question, asked the Supreme Court to

determine the constitutionality of the personal property foreclosure statutes (Code § 67-701) and that court refused to answer the questions for the reasons therein stated. *Pitts v. General Motors Acceptance Corp.*, 231 Ga. 54 (199 SE2d 902). Compare *Harvey v. Thompson*, 128 Ga. 147 (1) (57 SE 104); *Columbian National Life Ins. Co. v. Mulkey*, 146 Ga. 267 (1) (91 SE 106); *Davison-Paxon Co. v. Walker*, 174 Ga. 532, 533 (163 SE 212); *Tatum v. Croswell*, 178 Ga. 679, 680 (174 SE 140). The remittitur and record were transmitted to this court on November 16, 1973, and leaves this case to be decided under the assumption the foreclosure statutes are valid, this court having no authority to declare an Act of the legislature unconstitutional. *Graham v. Walsh*, 14 Ga. App. 287 (80 SE 693). Although this court may treat a statute as unconstitutional if it has already been held so by the Supreme Court of the United States or the Supreme Court of this state. See *Wadley Southern R. Co. v. Flaglee*, 44 Ga. App. 350 (5) (161 SE 848).

2. The order of the trial judge was one ordering that execution issue, levy be made, and *sale be had,* of the personal property described in the petition or notice. Treating the action as a notice of intent to foreclose so as to have a notice and hearing as to probable validity before proceeding with a foreclosure under Code § 67-701 et seq., the trial judge should merely have entered an order authorizing appellee to proceed with the foreclosure under the statute. See in this connection *Blocker v. Blackburn,* 228 Ga. 285, 288 (185 SE2d 56). Instead, he ordered execution, levy and sale. Nothing could have been more final, even if we treat the proceeding as the beginning of the foreclosure. His order completed the foreclosure when it ordered a sale. This order would, so long as it stands, have terminated the case and an affidavit of illegality, required by statute to be filed after issuance of the execution, and with forthcoming bond to stop the sale, would have been ineffective. No case was pending, the trial judge having already decided against her sworn defenses and counterclaim filed in response to the trial judge's order and the summons issued by the clerk. We, therefore, overrule the motion to dismiss.

3. Treating the action or petition as merely a "notice of intent to foreclose" the trial court erred in ordering a sale of the property described as the proper order to have entered was an order authorizing the foreclosure to proceed, according to the statute. The statute permitted the filing of an affidavit of

illegality and the giving of the forthcoming bond *after* the issuance of an execution. When he ordered a sale of the property he prevented this further action on the part of the defendant.

4. Treating the action as one of foreclosure upon personal property, the action of the trial judge upon the filing of the sworn answer and counterclaim as required by the court order and the summons, in finding against the defendant *without a trial by jury* was not authorized and this is true whether we treat the sworn answer and counterclaim as an affidavit of illegality or not. And if we do not treat the answer and counterclaim as an affidavit of illegality, then the trial judge ordered a sale before the time for the filing of such affidavit was required under the statute. Code § 67-801.

5. Treating the action as a complaint on the indebtedness, the defendant was still entitled to a trial by jury, and this *after* the 30 days for answering, unless she had expressly waived a jury trial or expressly permitted the trial judge to decide the issues prior to the time permitted by law.

6. It would, as the expression goes, take a "Philadelphia lawyer" to determine what this proceeding was. It has a little of all three, requiring defendant to "show cause" on the 19th of January, to answer before the 30th of January and to file an affidavit of illegality after the issuance of the execution. We doubt very seriously if the proceeding of "notice of intent to foreclose" has any attribute of a proceeding authorized by law, being merely a due process hearing in an attempt to prevent Code § 67-701, et seq., from being declared unconstitutional under the rationale of *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403), holding unconstitutional our bail trover statutes, and *Blocker v. Blackburn,* 228 Ga. 285, supra, holding unconstitutional our garnishment statutes, because of failure of notice and hearing prior to seizure of person or property. See in this connection, the excellent discussion of this question in the article "Constitutional Law—Georgia's Bail Trover Proceeding Declared Unconstitutional" in the case notes section of 9 Ga. St. B. J. 336, and Notes 17, 18, 19, 20, on p. 338; see also, Note 30 on p. 340, as to procedure for "due process hearing," where statute fails to so provide.

The unconstitutionality of the statute for failure to provide a notice and hearing prior to levy upon and seizing persons and property, cannot be made constitutional by the court's action in giving a notice and hearing before a levy or seizure under such statute,

although it may prevent a defendant in a particular case from attacking the statute on the theory he has not been aggrieved. See *Waldon v. Maryland Cas. Co.,* 155 Ga. 76 (116 SE 828).

Under all the circumstances of this case, we feel compelled to reverse the trial judge and remand the case to him with direction that the answer and counterclaim of the defendant be treated an an affidavit of illegality with the right to amend and make any attacks upon the execution she may see fit to make in addition to those already made, and give forthcoming bond for the property if she so desires, and that the case be considered as a summary proceeding converted into mesne process for trial.

*Judgment reversed with direction. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1973 — DECIDED NOVEMBER 28, 1973.

*Elsie H. Griner,* for appellant.
*Owens & Hilyer, Kenneth R. Hilyer,* for appellee.