## 28691. TIMBERLAKE GROCERY COMPANY OF MACON v. CARTWRIGHT et al.

UNDERCOFLER, Justice.

The appellant foreclosed a security agreement executed by the appellees in its favor under Code § 67-701. The security agreement conveyed to the appellant title to a stock of merchandise consisting of groceries, meats and other similar products carried in a grocery store as well as fixtures and equipment. The agreement secured a promissory note for $33,000 and other future indebtedness of the appellees to the appellant. It provided: "Default in payment or performance of any of the obligations or any agreement evidencing any of the obligations constitutes default under this agreement and authorizes secured party to declare any unpaid balance due and payable immediately; and secured party shall have all the remedies of a secured party under the Uniform Commercial Code or any other cumulative remedy under the law."

When the fi. fa. was levied, the appellees filed their affidavit of illegality and gave bond.

The trial court held that Code § 67-701 was unconstitutional because it deprived the appellees of procedural due process. The appeal is from this judgment. *Held:*

Under the rationale of Mitchell v. W. T. Grant Co. —— U. S. —— (94 SC 1895, 40 LE2d 406), decided May 13, 1974), we hold that Code § 67-701[1] is constitutional. See also *North Ga. Finishing, Inc. v. Di-Chem, Inc.*, 231 Ga. 260 (201 SE2d 321). The judgment of the trial court is therefore reversed.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 11, 1974 — DECIDED MAY 21, 1974.

---

[1] See Ga. L. 1974, p. 398, Act No. 898 (H. B. No. 1032), effective March 21, 1974, which repeals Code Chapter 67-7 relating to the manner of foreclosure of personalty in its entirety and enacts new procedures for such foreclosures.

*Cubbedge Snow, Tom K. Smith,* for appellant.