## 28848. ROBERTS v. MACAULAY.

HALL, Justice.

This appeal calls into question the constitutionality of Georgia's possessory warrant proceeding, Code § 82-101 et seq. (Ga. L. 1821, Cobb, 591). The statute, originally designed for the recovery of stolen or run-away slaves, provides a summary means of bestowing possession of disputed property pending suit for its return.

Alan Roberts brings the appeal from a judgment of the Fulton County Civil Court granting possession of disputed household goods to William Macaulay upon a hearing conducted pursuant to Code § 82-202, following Macaulay's invocation of the possessory warrant proceeding to recover the property. At the hearing, the trial judge summarily overruled Roberts' motion to declare the statutory proceeding unconstitutional as a violation of due process under the Fourteenth Amendment to the United States Constitution, and under the Georgia Constitution.

No questions are presented on the appeal save the constitutionality of the statute. Roberts conceded at the hearing that all rights in the property belonged to Macaulay, and his statements were sufficient to show that his appropriation of these household items was entirely wrongful and without legal justification, and was designed to exert "leverage" on Macaulay to settle alleged debts. Macaulay has made no appearance in this court, but at the request of the court the State Attorney General has filed a helpful brief as amicus curiae.

The possessory warrant proceeding authorizes one who alleges that a personal chattel has been violently or wrongfully taken from his possession by another, and that he "does in good faith claim a title to, or interest in, the personal chattel, or the possession thereof," to make a verified affidavit to that effect to a judge or justice of the peace whose "duty" it then is "to issue a warrant, as well for the apprehension of the party against whom the complaint is made as for the seizure of the property in controversy." Code § 82-101. No bond or other device is required to safeguard the defendant against damages

flowing from wrongful or mistaken use of the proceeding. The sheriff under the warrant is directed to seize the property and to seize the body of the defendant, and to carry both before any judge or justice of the county. There is no statutory provision requiring that the appearance before the judicial officer be made immediately, nor is there any provision for a method by which the defendant may secure his personal freedom in the interim. The judge or justice of the peace before whom the warrant is returned shall hear the matter "forthwith" if the parties are ready, or may allow them time for preparation. Code § 82-201. The statute is silent as to whether defendant is entitled to his personal freedom during the time required for preparation. At the hearing, there are no statutory directives as to what shall be required of plaintiff to make out his case for possession. It is provided that title to the property shall not be investigated. The statute states that the judge "shall cause the property to be delivered to the party from whose possession the same was violently or fraudulently taken. . . ," (even though the claim of defendant to possession may outweigh the claim of plaintiff) provided he gives a bond for double its value. Should he fail to give bond, in his discretion the judge may deliver the property to the opposite party, should he give such a bond. The bond is returned to the next superior court of the county, and awaits any suit which may be commenced touching the property. It should be noted that under this section, Code § 82-202, should the defendant be ready and able to prove his title to the property, he will not be heard. Also, his right to its immediate possession will not save him, provided he "violently" took it from the plaintiff who claims an interest in it.

Under Code § 82-204, if the sheriff is unable to find or seize the property, and if "it shall appear" that it is in the possession of the defendant or his agent, and the defendant does not produce it, he shall be jailed without bail until he does produce it. The only defense which may be raised by defendant to avoid jail is that he may "satisfactorily prove" four years' prior peaceable possession of the property. There is a further provision that if he applies for certiorari in the superior court,

defendant may be released on bond. The statute is not specific as to whether defendant may be released on bond upon his stated intention to apply for certiorari, or whether this application for certiorari is to be made from his jail cell. The writ of certiorari may be heard in the superior court on the issue of whether defendant or his agent has the property, and defendant may have a jury trial.

The Georgia possessory warrant proceeding is not a criminal matter, and " 'is not a civil case . . . but a mere summary mode of transferring possession to await the main trial of the case.' " *Wilson v. Healey Real Estate &c. Co.,* 203 Ga. 52, 54 (45 SE2d 656). "The proceeding to compel production of property in a possessory-warrant case 'ought to take place upon the return of the warrant, and before going into any question except that of the defendant's ability and liability to produce. The scheme of the statute is that the property shall be under the control of the magistrate at the time the final order is made. Imprisonment is a means for preparing the main case for trial and judgment, not a means of carrying the judgment into effect.' *McClain v. Cherokee Iron Co.,* 58 Ga. 233." *Nash v. Mangum,* 141 Ga. 648 (81 SE 883). Therefore, this statute must be analyzed as a civil and not as a criminal matter.

When pre-judgment seizure of property may lawfully occur without prior notice to the possessor and an opportunity for him to be heard is a lively question. See Mitchell v. W. T. Grant Co., ——U. S.—— (94 SC 1895, 40 LE2d 406); Sniadach v. Family Finance Corp. of Bayview, 395 U. S. 337 (89 SC 1820, 23 LE2d 349); *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403); *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56); Note, The Sniadach Case and Its Implications for Related Areas of the Law, 68 Mich. L. Rev. 986 (1970); Note, Georgia's Bail Trover Proceeding Declared Unconstitutional, 9 Ga. S. B. J. 336 (1973).

Mitchell v. W. T. Grant Co. specifically recognized that possession of, and a substantial interest in, property do not necessarily forbid its seizure without notice or an opportunity to be heard. The critical question concerns the circumstances in which seizure prior to notice and hearing may constitutionally be upheld.

*Hall v. Stone,* declaring the bail trover statute unconstitutional, and *Blocker v. Blackburn,* striking down distress warrants, are not controlling here because of the differences between those procedures and the possessory warrant statute, which must be analyzed independently.

Leaving aside for the moment the question of defendant's arrest and imprisonment, and considering only the question of due process safeguards surrounding the pre-judgment seizure of property, we find that this Georgia proceeding contains serious flaws when compared to those considered in Mitchell v. W. T. Grant Co., supra. In Mitchell, the Louisiana writ of sequestration to forestall waste or alienation of property sold under an instalment sales contract was obtainable upon a creditor's ex parte verified application without notice or hearing for the debtor. However, (1) the application could be made only upon a judge's authority, and (2) the creditor was required to file a bond indemnifying the debtor against damages including attorney fees; and (3) if the debtor sought dissolution of the writ the burden was upon the creditor to prove debt, lien, and delinquency. Moreover, (4) the court emphasized that one safeguard against abuse of the proceeding was the creditor's natural desire not to terminate the transaction without cause, and (5) also emphasized that summary seizure was appropriate because a forewarned debtor, by alienating the property, could defeat the creditor's lien. The court, finding that the procedure effected a constitutionally allowable balance between the rights of the buyer and seller, upheld the Louisiana statute.

Comparing the Georgia proceeding with Mitchell we find that the Georgia scheme provides clearly only one — the first — of the five safeguarding elements numbered above in that case.

Mitchell recognizes that seizure of property without notice and hearing but with proper safeguards and in proper circumstances does not violate due process. However, here, not only are the proper safeguards and circumstances not provided by the statute, but also the hearing when it is given following seizure is not

meaningful. As has been noted above, for example, title to the property and a predominant right to its possession may lie in defendant and still constitute no defense to the terms of the statute prior to determination of the suit touching the property which the statute contemplates may be filed. In short, even without considering the imprisonment authorized by the statute, its constitutional flaws go much deeper than the mere initial absence of notice and hearing. The Georgia possessory warrant procedure fails to provide due process.

What we have considered thus far is the statute in its state-wide application. In Fulton County where this case arose, and perhaps in other counties as well, a further and major invalidity is present in the statutory scheme. Despite the language of Code § 82-101 appearing to require that application be made to a judge or justice of the peace, actually this safeguard is not present in Fulton County. In the City of Atlanta, wherein Macaulay instituted these proceedings, the office of the justice of the peace was abolished in 1913. Ga. L. 1913, p. 145, Sec. 1. It was also provided that "possessory warrants ... shall be issued by the clerk of the said court, or any deputy of said clerk, upon like affidavit and under the same conditions as are or may be provided by law for the issue of such processes by Justices of the Peace. Such processes shall bear test in the name of the Chief Judge of said court and be directed to the Marshal or his deputies, or all and singular the Sheriffs... of said State." Ga. L. 1913, p. 145, Sec. 30; *Wilson v. Healey Real Estate &c. Co.,* 203 Ga. 52 (45 SE2d 656). It was pursuant to this authorization that the affidavit seeking a warrant for Roberts' arrest and the seizure of property in his possession was made to a deputy court clerk, whose "duty" it then became to issue the warrant sought. The warrant by which Roberts was ordered arrested[1] was

---

[1]After many anxious moments for Roberts, last minute negotiations resulted in the sheriff's decision not to arrest him. However, the threat to his liberty was real and substantial, and was authorized by statute.

signed by the Deputy Clerk of the Civil Court of Fulton County.

In the Mitchell opinion the Supreme Court emphasized that one overriding constitutional problem presented by the statutes in Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) was the absence of judicial control over the institution of proceedings, which could be begun by application to a court clerk. The procedure in Fulton County is clearly void without extended analysis.

Turning to the issue of the imprisonment with which Roberts was threatened, the seizure of the body of defendant pursuant to a warrant issued by a court clerk or his deputy is a flagrant violation of due process. See Desmond v. Hachey, 315 FSupp. 328 (D. Maine, 1970) (incarceration without hearing of judgment debtor who disobeyed subpoena to attend disclosure hearing); *Hall v. Stone,* supra (incarceration under bail trover statute); Mills v. Howard, 109 R. I. 25 (280 A2d 101) (seizure of defendant without hearing for nonpayment of support and alimony). "[T]he tides of judicial opinion are now running against unrestricted process involving restraint of the person in civil litigation. In the wake of Sniadach . . . any process having punitive effect prior to judgment is subject to re-examination. Imprisonment is so drastic a remedy that its use in civil actions has already been curtailed by [Vermont statute] . . ." Randall v. Randall, 129 Vt. 432 (282 A2d 794). See generally, Note, Quasi In Rem Jurisdiction and Due Process Requirements, 82 Yale L. J. 1023, n. 3 (1973).

The possessory warrant proceeding being unconstitutional in its entirety under due process analysis, the court below erred in denying Roberts' motion to that effect, which should have had the effect of dismissing the proceedings.

*Judgment reversed. All the Justices concur, except Undercofler, J., who concurs in the judgment and Jordan, J., who dissents.*

ARGUED MAY 14, 1974 — DECIDED SEPTEMBER 4, 1974.

*Bell & Desiderio, Charles R. Desiderio, Robert J. Abrams,* for appellant.

*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* amicus curiae.