*Clifton & Helms, Marshall L. Helms, Jr.,* for appellant.

*Neely, Player, Hamilton & Hines, Ronald D. Reemsnyder, Coney, Tinsley & Tinsley, John L. Coney,* for appellee.

---

## 57468. BROWN v. WILSON CHEVROLET-OLDS, INC.

Underwood, Judge.

This is an appeal from an order denying defendant debtor's motion to set aside a judgment entered pursuant to the Personal Property Foreclosure Act, Code Ann. Ch. 67-7, granting his secured creditor a writ of possession to a financed pickup truck and mobile home. The motion to set

aside alleged, inter alia, that the debtor appeared at the hearing in response to the summons; that he orally answered the petition but was not given an opportunity to present his answer fully; and that the judgment is void on its face because although it recites he was present at the hearing, the substance of his oral answer was not endorsed upon the petition as required by the Act, Code Ann. § 67-704. An "amended answer" setting forth several defenses was filed with the motion.

The trial court denied the motion to set aside, and the debtor duly filed his notice of appeal from that order. Some three months later, however, the court entered another order directing the clerk of court to transmit to this court "a supplemental record consisting of the original petition in this case and this order, . . . [t]he court having, through oversight, omitted to endorse the oral answer of defendant, made at the hearing held in this matter on October 3, 1978, on the original petition in this case, and said oversight having been corrected by the court of its own initiative." (Order transposed.)

On the bottom half of the summons supplementally transmitted to this court with the petition the court wrote: "Defendant . . . appeared at the hearing before me on October 3, 1978, and . . . testified that he was in arrears . . . and wanted plaintiff to give him more time." The writing was signed by the court under date of February 16, 1978, and it some four and one-half months after the hearing, did not purport to have nunc pro tunc effect.

As we perceive the issues in this case we must decide two interrelated questions: Was the failure to endorse the debtor's answer upon the petition a nonamendable defect appearing upon the face of the record or pleadings as provided for by Code Ann. §§ 81A-106 (d), 110-702, so as to be subject to the motion to set aside? And what is the effect, if any, of the second order upon that failure?

1. The failure to endorse appears on the face of the record, and clearly it is a "defect" since Code Ann. § 67-704 provides that "the defendant may answer orally at the time of the hearing. If the answer is oral, the substance thereof shall be endorsed by the court on the petition." Under the same provision in the statute governing proceedings against tenants holding over, in which the

Personal Property Foreclosure Act finds its genesis (Edwards, Chapter 67-7 and Personal Property Foreclosures, 11 Ga. SBJ 230 (April, 1975)), the Supreme Court has held: "The purpose of the General Assembly in enacting Code Ann. §§ 61-302 (b) and 61-303 was to give tenants who are unrepresented by counsel and who are unschooled in the law an opportunity to state their defenses orally to the court as best they can and to have the substance of their defenses endorsed on the dispossessory warrant, thereby making a record upon which the case may proceed in the trial and appellate courts. To effectuate this intent, the trial court is required to endorse, or to have endorsed in his behalf by court personnel subject to his supervision, the response or responses of the tenant making an oral answer whether or not those responses constitute legal defenses to the warrant. The tenant thereby has an answer on the record which later could be amended." *Hill v. Hill,* 241 Ga. 218, 219 (244 SE2d 862) (1978).

Is the defect amendable so as to be cured by judgment or subsequent "supplemental record"? Examples of defects in general which have been held amendable and not subject to motion to set aside include matters such as the court's failure to state findings of fact and conclusions of law (*Kennedy v. Brown,* 239 Ga. 286, 289 (3) (236 SE2d 632) (1977)), and failure of a party to verify a pleading. *Dunn v. Lockheed-Georgia Co.,* 146 Ga. App. 750 (247 SE2d 601) (1978).

But the defect has been held fatal and subject to the motion in proceedings under the Personal Property Foreclosure Act where the relief granted was not statutorily authorized (*Wallace v. Aetna Finance Co.,* 137 Ga. App. 580 (224 SE2d 517) (1976)), and in general in matters which could be said to have constitutional importance, as in the case of a bench trial in the absence of jury waiver (*Redding v. Commonwealth of America,* 143 Ga. App. 215, 216 (1) (237 SE2d 689) (1977), disapproved other grounds *Wise &c. Assoc. v. Rosser White &c. Inc.,* 146 Ga. App. 789, 795-96 (247 SE2d 479) (1978)), and where there has been failure of notice of hearing which could affect a party's interests or liabilities. *Anderson v. Fulton Nat. Bank,* 146 Ga. App. 155 (235 SE2d 860)

(1978).

Given this division in the cases, we hold the defect fatal and subject to motion to set aside. As we said in the context of the statute governing dispossessory proceedings against tenants holding over, which as noted above is the root source of the Act under consideration here: "The proceeding is statutory, and must be strictly construed and observed." *Young v. Cowles,* 128 Ga. App. 770 (197 SE2d 864) (1973).

The sweep of this imperative is brought home when recalled in the context of the times in which it was articulated. The case of Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969), began an epidemic of litigation concerned with procedural due process for debtors. The Sniadach case invalidated Wisconsin's prejudgment garnishment statute allowing an interim tying up of a debtor's wages without procedural due-process protection. There then ensued a due-process fever which struck down any procedure that could not be readily perceived as affording due process to the debtor, and before running its course in this state it had claimed as victims our statutes providing for distress warrant proceedings (*Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56) (1971)), bail trover proceedings (*Hall v. Stone,* 229 Ga. 96 (189 SE2d 403) (1972)), possessory warrant proceedings (*Roberts v. Macaulay,* 232 Ga. 660 (208 SE2d 478) (1974)), and garnishment proceedings. North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (95 SC 719, 42 LE2d 751) (1975), revg. 231 Ga. 260 (201 SE2d 321) (1973), conformed to 233 Ga. 793 (214 SE2d 667) (1975).[1]

Of particular importance here, it will be remembered we had occasion to suspect that the days were numbered for the personal property foreclosure statute then in force; but, at that juncture, the Supreme Court held that the matter had not been properly presented for

---

[1]Di-Chem served as the backdrop for a fascinating scenario with the legislature, the Supreme Court, and this court trooping across the stage in bewildering succession pursuing that evanescent runaway forever

determination. *Pitts v. General Motors Acceptance Corp.,* 231 Ga. 54 (199 SE2d 902) (1973), declining to answer the certified question as to the constitutionality of the former statute.

The U. S. District Court had not been as reluctant, however; and following the decision in Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972), which held unconstitutional Florida and Pennsylvania statutes allowing a secured installment seller to repossess the goods sold without notice or hearing and without judicial order or supervision, the district court struck down the heart of the Act, former Code § 67-703, which had allowed seizure of personalty without prior hearing. Johnson v. Glenn's Furniture Co., 372 FSupp. 56 (1) (1972).[2]

There then followed a period of ingenuity as resourceful counsel for creditors, operating without benefit of the teeth of the statute, sought ways in which the collateral could be recovered, and in a manner that would satisfy due process requirements. As we said in one such instance, "[i]t would, as the expression goes, take a 'Philadelphia lawyer' to determine what this proceeding was." *Pitts v. General Motors Acceptance Corp.,* 130 Ga. App. 333, 336 (203 SE2d 281) (1973), after remand from the Supreme Court.

In 1974 the legislature acted in the matter, repealing the flawed law and enacting a new Code Ch. 67-7 hopefully uniformed to pass constitutional muster.

---

disappearing into the wings, garnishment due process. The major chapters in addition to Di-Chem, supra are reported in *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428) (1976); *City Finance Co. v. Winston,* 238 Ga. 10 (231 SE2d 45) (1976); *J. Scott Rentals, Inc. v. Bryant,* 239 Ga. 585 (238 SE2d 385) (1977); *Easterwood v. LeBlanc,* 240 Ga. 61 (239 SE2d 383) (1977); *Antico v. Antico,* 241 Ga. 294 (244 SE2d 820) (1978). The peripheral actions are too numerous to mention.

[2]Other sections of the statute, including § 67-701, were unaffected by the ruling, and that judgment was duplicated in *Timberlake Grocery Co. v. Cartwright,* 232 Ga. 281 (206 SE2d 472) (1974).

However, because of its convoluted legislative history, it was "in many ways puzzling. [It] was originally based upon a statute dealing with the landlord-tenant relationship, was modified to fit within a comprehensive Code, and was altered to apply to 'consumer' transactions. The vestiges of this origin are still apparent, and they create numerous problems in the interpretation and application of the statute." Edwards, Chapter 67-7 and Personal Property Foreclosures, supra.

We have dealt with such problems in the past,[3] and we will not assume the risk of creating further confusion here by defying the Act's plain wording requiring the endorsement of the answer at the hearing when made. The procedure below under which the trial court, after having already ruled upon the motion to dismiss some three months earlier, then invoked his recollection as to what had occurred at the original hearing even earlier, can be no better than if he had expressly invoked his recollection when ruling upon the motion to set aside in the first instance; and the Supreme Court has said "[i]t is not allowable for the judge, in passing upon a motion in arrest of judgment,[4] to invoke his recollection as to what occurred at the trial." *Mayor &c. of Washington v. Calhoun,* 103 Ga. 675 (2) (30 SE 434) (1898). A literal reading of the Act requires the making of a con-temporaneous record, and we will so enforce it because that is what it says; it "must be strictly construed and observed" (*Young v. Cowles,* 128 Ga. App. 770, supra), and it behooves us to make that interpretation which best comports with due-process values sought to be served by its enactment, in this instance procedural safeguards protecting the exercise of the right to be heard.

Accordingly, we hold the failure to endorse the answer upon the petition at the time of the hearing was

---

[3]E.g., *Spencer v. Taylor,* 144 Ga. App. 641, 644 (5) (242 SE2d 308) (1978) (default judgment for amount due "if otherwise permitted by this Chapter" (Code Ann. § 67-704)), not otherwise permitted by the Chapter.

[4]For purposes here the same as motion to set aside. Code Ann. § 110-702.

not an amendable defect so as to be cured by judgment or subsequent "supplemental record," and this defect rendered the judgment subject to the motion to set aside.

2. While for reasons just explored the second order could not, in principle, belatedly supply the missing endorsement, for yet another reason it did not do so, even assuming for the purpose of argument that it had that theoretical capacity. While as a general proposition the trial court has power to correct mistakes in judgments pursuant to CPA § 60 (g) (Code Ann. § 81A-160 (g)), under the counterpart federal rule the leave of appellate court is required to do so after the appeal is docketed (Fed R. Civ. Proc. 60); under our system, however, not even that option is available since the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect. Code Ann. § 6-1002 (a); *Park v. Minton,* 229 Ga. 765 (3), 769 (194 SE2d 465) (1972) and cits.; *Roper v. Motors Ins. Corp.,* 139 Ga. App. 788 (229 SE2d 481) (1976); *Philips Broadcast Equipment Corp. v. Production 70's,* 133 Ga. App. 765, 766 (1) (213 SE2d 35) (1975).

*Judgment reversed. Banke, Acting P. J., concurs. Carley, J., concurs in the judgment and in Division 2.*

Argued March 6, 1979 — Decided April 13, 1979 — Rehearing denied July 3, 1979 —

*Mark F. Gorman, Robert Rosenblum, Elizabeth Coleman-Stroup,* for appellant.

*Blitch & Sutton, Brooks E. Blitch, III, Berrien L. Sutton,* for appellee.