**Robert HOFFMAN and Joanna Hoffman, Plaintiffs,**

**v.**

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants.**

**Civ. A. No. CA–7–878.**

United States District Court,
N. D. Texas,
Wichita Falls Division.

Feb. 6, 1974.

Malcolm L. Hughes, Wichita Falls, Tex., for plaintiffs.

Keith Nelson, Wichita Falls, Tex., Robert W. Gauss, Austin, Tex., W. L. Johnson, Jr., Fort Worth, Tex., for defendants.

## ORDER SUSTAINING MOTION TO DISMISS

ROBERT M. HILL, District Judge.

The motion to dismiss filed by the Defendants came on for hearing before the court, Honorable Robert M. Hill, United States District Judge. The court has considered the motion and is of the opinion that the Plaintiffs have failed to state a cause of action within the jurisdiction of this court.

Plaintiffs Robert and Joanna Hoffman have brought this suit pursuant to 42 U.S.C. § 1983 to enjoin the foreclosure and sale of their home and property pursuant to a deed of trust which gives the trustee the power of sale in the event of default. The Plaintiffs also seek the convening of a three judge court under 28 U.S.C. § 2284 to determine the issues raised in their complaint. It is asserted in the original complaint that Vernon's Ann.Tex.Rev. Civ.Stat. art. 3810 (1966),[1] which authorizes the foreclosure and sale of property under a deed of trust, is unconstitutional on its face because it does not require personal notice and a hearing and is therefore violative of plaintiffs' constitutional rights under the 14th Amendment to due process of law. Defendants have moved to dismiss on the ground that by enforcing the rights to foreclose pursuant to the deed of trust agreement the trustee was not acting under color of state law.

■ Statutes and laws regulate many forms of private activity and to hold that any conduct which conforms to state law is "state action" would subject all private activity to the constitutional limitations of the 14th Amendment. The test then is not state involvement but rather significant state involvement. Adams v. Southern California First Nat'l Bank, 492 F.2d 324 (9th Cir. 1973).

Article 3810 delineates the rights of parties to a deed of trust agreement which reserves a power of sale in a trustee in the event of default. Where a deed of trust agreement complies with article 3810, and a sale is made in accordance with the statute, then a transfer of title to real estate is effected. Article 3810 recognizes the power of sale vested in a trustee by a deed of trust agreement, but that power exists only by virtue of private contractual arrangements between the parties to the agreement. *See generally*, Procedural Due Process: For Sale to the Highest Bidder, 10 Hous.L.Rev. 880, 894 (1973). The power is not "possessed by virtue of the state law" and the trustee is not "clothed with the authority of state law" as the court found in striking down the Texas landlord lien law in Hall v. Garson, 430 F.2d 430, 439 (5th Cir. 1970).

■ The fact that the trustee in the case *sub judice* acted with knowledge of

---

1. Article 3810 reads as follows:

All sales of real estate made under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county, and such notice shall designate the county where the real estate will be sold. Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said county or counties, one of which shall be made at the courthouse door of the county in which such sale is to be made, and if such real estate be in more than one county, one at the courthouse door of each county in which said real estate may be situated, or the owner of such real estate may, upon written application, cause the same to be sold as provided in said deed of trust or contract lien. Such sale shall be made at public vendue between the hours of 10 o'clock a. m. and 4 o'clock p. m. of the first Tuesday in any month. When any such real estate is situated in an unorganized county, such sale shall be made in the county to which such unorganized county is attached for judicial purposes.

and pursuant to article 3810 is not sufficient to establish significant state action. Thus this court is of the opinion that the foreclosure and sale of property pursuant to a deed of trust agreement does not have the requisite "significant state involvement" to constitute an act under color of state law. *Cf.*, Ruff v. Lee, 230 Ga. 426, 197 S.E.2d 376 (1973).

There being no action under color of state law, Plaintiffs have failed to state a cause of action within the jurisdiction of this court and their cause of action must be dismissed. The Plaintiffs' request for the convening of a three judge court is also denied, because of the insubstantiality of a constitutional question. *See*, Criss v. Federal Nat'l. Mortg. Ass'n (N.D.Tex., opinion filed Nov. 8, 1973) and Carmel v. Federal Nat'l. Mortg. Assn., (N.D.Tex., opinion filed June 18, 1973), which are in accord with this decision.

It is therefore ordered that the motion to dismiss filed by the defendants is sustained and this case is dismissed as to all parties. This order shall constitute the final judgment of this court in this cause.