803 F.2d 723
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BERNARD L. WILLIAMS, Plaintiff-Appellant
v.
OVERTON MANOR EAST HOMEOWNERS ASSOCIATION, INC.; EUGENE G.
DOUGLASS; TENNESSEE HOUSING DEVELOPMENT AGENCY;
and NATIONAL MORTGAGE COMPANY,
Defendants-Appellees.
 No. 85-5833.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1986.
 
 Before: MARTIN and JONES, Circuit Judges; and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Bernard Williams appeals the district court's judgment dismissing his civil rights action challenging the constitutionality of Tennessee's foreclosure laws. Because we find no significant state involvement in the foreclosure proceedings assailed here we affirm the judgment below.
 
 
 2
 Mr. Williams purchased a condominium in Memphis, Tennessee in 1975. The property was encumbered by a mortgage originally held by defendant, National Mortgage Company, and later assigned to defendant, Tennessee Housing Development Agency. Defendant, Overton Manor East Homeowner's Associations, Inc., was in charge of the administration of Williams' unit, which included the assessment of regular maintenance fees. Overton Manor had recorded a master deed which granted it a power of sale and the right to foreclose on condominiums whose owners defaulted on payment of their assessments.
 
 
 3
 In August of 1983, Overton Manor determined that Williams was delinquent in the payment of his fees and retained defendant Eugene Douglass to prepare a Notice of Lien. The notice was allegedly sent to Williams at the address of his condominium. Several months later Douglass sent Williams a letter advising him that he had been authorized by Overton Manor as trustee to foreclose if the fees were not paid in seven days. Two similar letters were sent at later dates but Williams never responded. On February 29, March 7, and March 13, 1984, a Notice of Trustee's Sale was published in a local newspaper pursuant to Tenn. Code Ann.. Sec. 35-501 et seq. (current version of Tenn. Code Ann. Sec. 35-5-101 et seq.). On March 22, 1984, the property was sold to Overton Manor as sole bidder. Shortly thereafter Douglass notified Williams of the sale, and a state court issued a forcible entry and detainer warrant. Williams then brought suit seeking a declaratory judgment and damages under 42 U.S.C. 1983.
 
 
 4
 In order to establish a claim under section 1983 Williams must prove that the defendants deprived him of a right secured by the "Constitution and laws" of the United States, and that the defendants deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any state or territory." See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). While Williams lost his property, state action is clearly absent from this case. The foreclosure on Williams property happened pursuant to a private agreement between Douglass and Overton Manor, and in accordance with Overton Manor's Master Deed. Williams urges that the actions of Overton Manor and Douglass are properly attributable to the State of Tennessee because the state authorized them in enacting Sections 35-501 et seq. The law is clear, however, that a state is responsible for the act of a private party only when the state has compelled the act. Adickes, 398 U.S. at 170. The Tennessee statute in question is regulatory in nature and merely allowed the foreclosure of Williams' property. It did not compel the foreclosure. Foreclosure proceedings of this kind are clearly constitutional. See Northrip v. Federal National Mortgage Ass'n., 527 F.2d 23 (6th Cir. 1975); and Hoffman v. U.S. Dep't of H.U.D., et al., 371 F. Supp. 576 (N.D. Tex. 1974).
 
 
 5
 Finally, we note that the other defendants had nothing to do with the foreclosure. Tennessee Housing Development Agency merely held the first mortgage on the property. Similarly, National Mortgage Company was only the assignee of this mortgage. No state action arises from these activities.
 
 
 6
 Williams' other arguments are without merit.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation